## BURT v. SMITH.

ERROR TO THE COURT OF APPEALS OF THE STATE OF NEW YORK.

No. 67.   Argued October 29, 1906.—Decided November 12, 1906.

A mistaken view of the law may constitute probable cause in some instances—probable cause does mean sufficient cause—so *held* as to a suit for infringement of registered trade-mark.

Although the opinion of the highest court of a State may be resorted to for the purpose of showing that the court actually dealt with a Federal question presented by the record, or that a right asserted in general terms was maintained and dealt with on Federal grounds, where the record discloses no Federal question until the assignment of errors in this court, it comes too late and the writ will be dismissed.

Writ of error to review 181 N. Y. 1, dismissed.

THE facts are stated in the opinion.

*Mr. Norris Morey,* with whom *Mr. Joseph H. Morey* was on the brief, for plaintiffs in error:

Neither the order nor the opinion of the Circuit Court of

Appeals reversing the temporary injunction, nor the judgment upon the merits in the injunction suit in favor of these plaintiffs, have any tendency to support the decision stated in the opinion of the Court of Appeals. That decision is directly contrary to both.

The decision *could* not have been rested on oral evidence, because there was no evidence in the case tending to support the decision. All the oral 'evidence tended to show want of probable cause and want of good faith, and the opinion refers to it, but refuses it any weight.

The defense of probable cause is only made out when defendant shows that he began his action or proceeding in good faith with the honest belief that he was entitled to maintain it, and with reasonable grounds for such belief. Add. on Torts (Wood's ed.), §§ 852, 853, 880; *Heyne* v. *Blair*, 62 N. Y. 19; *Fagnan* v. *Knox*, 66 N. Y. 527; *Hazzard* v. *Flury*, 120 N. Y. 223; *Long Island Bottlers' Union* v. *Seitz*, 180 N. Y. 243; *Burt* v. *Smith*, 181 N. Y. 1.

There was no allegation or proof of advice of counsel. Such evidence would not have been material on the question of probable cause, but only on the question of malice. *Scott* v. *D. S. C. Co.*, 51 App. Div. 321; *Wass* v. *Stephens*, 128 N. Y. 123, 127; *Wills* v. *Noyes*, 12 Pick. 324; *Stone* v. *Stevens*, 12 Connecticut, 219; *Wicks* v. *Fentham*, 4 Durnf. & E. 248; *Thompson* v. *Lumley*, 1 Abb. N. C. 254, 261; *S. C.*, 64 N. Y. 631.

A Federal question is presented by the record which authorizes a writ of error to this court. *Crescent City L. S. Co.* v. *Butchers' Union &c. Co.*, 120 U. S. 141; *Deposit Bank* v. *Frankfort*, 191 U. S. 499, 515, 520; *Nat. Foundry and Pipe Works* v. *Oconto City W. S. Co.*, 183 U. S. 217, 233; *Tullock* v. *Mulvane*, 184 U. S. 497, 507; Taylor on Supreme Court, § 209.

There is a Federal question because the plaintiffs alleged and were required to prove as an essential of their cause of action, the former judgment between the same parties in the United States Circuit Court. *Com. Pub. Co.* v. *Beckwith*, 188 U. S. 567, 569.

All the proceedings in the United States Circuit Court in the injunction suit, including the judgments and orders, and opinions, were pleaded and in evidence, and a part of the record. They were before the Court of Appeals. *Green Bay Co.* v. *Patton Co.*, 172 U. S. 58, 66; *Huntington* v. *Attrill*, 146 U. S. 657.

A failure or refusal to consider the Federal question is equivalent to a decision against the Federal right involved therein. *Des Moines Nav. Co.* v. *Iowa Homestead Co.*, 123 U. S. 552; *Missouri, K. & T. Ry. Co.* v. *Elliott*, 184 U. S. 531.

If a Federal question appears in the record and was actually decided, or was necessarily involved in the decision as made by the state court, this court has jurisdiction. *Brown* v. *Atwell*, 92 U. S. 327; *Power Co.* v. *Electric Co.*, 172 U. S. 475, 488; *Wedding* v. *Meyler*, 192 U. S. 573; *Powell* v. *Brunswick Co.*, 150 U. S. 440; *Chicago, B. & Q. R. R. Co.* v. *Chicago*, 166 U. S. 226, 231; *Kaukanna W. P. Co.* v. *Green Bay S. & Miss. Canal Co.*, 142 U. S. 254.

In the case at bar the previous judgment of the Federal court, between the same parties, was alleged in the complaint herein and alleged to have been a judgment upon the merits.

*Mr. Milton A. Fowler* for defendant in error:

This court has no jurisdiction; there is no suggestion in the pleadings that any Federal question is involved; neither was there any claim presented in the state courts by exception or otherwise which involved any such question.

Did the defendant have probable cause for believing that the plaintiffs were infringing, arising from his long use of his peculiar design, and the frequent adjudication of the courts, both state and Federal in his favor thereupon. Letters alone may be and frequently are a legal trade-mark. Brown on Trade-marks, §§ 39, 234; *Hall* v. *Burrows*, 4 De G., J. & S. 150; *Giron* v. *Gartner*, 47 Fed. Rep. 467.

The imitation which will be restrained by injunction need not be exact or nearly so, but must only be such as to deceive the purchaser who uses ordinary observation and makes his

purchase under ordinary conditions. *Godillott* v. *Am. Grocery Co.*, 71 Fed. Rep. 873, "A. & G." in monogram infringement on "A. G. & Co."; *Godillott* v. *Harris*, 81 N. Y. 263, "F. G." infringes "A. G."; *Frank* v. *Sleeper*, 150 Massachusetts, 583, "N. S." infringed by "N. & S."; *Cardiere* v. *Carlysle*, 3 Beaver, 292, "C. B." is infringed by "C. S."; *Singer Mfg. Co.* v. *Bent*, 163 U. S. 205, "N. Y. S. M. Mfg. Co." imitation of "Singer Mfg. Co."; *Welsbach Light Co.* v. *Adam*, 107 Fed. Rep. 463, "U. C. A." infringes "Yusea"; *National Biscuit Co.* v. *Furst*, 94 Fed. Rep. 150, "Iwanta" infringes "Uneeda."

The uniform decisions of the courts in favor of the defendant could have left no reasonable doubt in his mind that the plaintiffs herein were infringers.

The facts being undisputed and resting upon plaintiff's own evidence, the question as to whether plaintiff in the injunction action had probable cause for bringing the same is one of law. Lord Mansfield, 1 Term Reports, 544; *Humphries* v. *Parker*, 52 Maine, 502; *Ash* v. *Marlowe*, 20 Ohio, 119; *Stewart* v. *Sonneborn*, 98 U. S. 187; *Staunton* v. *Gashon*, 94 Fed. Rep. 52; 14 Am. & Eng. Ency. of Law, 1st ed., 5.

The Court of Appeals did not err in deciding as a matter of law, that the defendant had probable cause to commence the action and procure the injunction, because the packages and drops of the plaintiff resembled his own so closely as to be calculated to deceive the careless and unwary, and that the average purchaser would not know the difference. *Coleman* v. *Crump*, 70 N. Y. 573; *Carl* v. *Ayres*, 53 N. Y. 14, 17.

Actions for malicious prosecution of civil actions are not favored by the courts; hence to sustain such an action the proof must clearly establish that there was no reasonable ground for supposing that the action brought could be sustained. 14 Am. & Eng. Ency. of Law, 1st ed., 32; *Willard* v. *Holmes*, 142 N. Y. 492, 496; *Daniels* v. *Fielding*, 16 M. & W. 201; *Palmer* v. *Foley*, 71 N. Y. 106, 109; *Marks* v. *Townsend*, 97 N. Y. 597.

The decree of the Circuit Court of the United States, that

there was an infringement upon the registered trade-mark and unfair competition, is sufficient evidence of probable cause for the prosecution of the suit to make due and complete defense to this action for malicious prosecution. The fact that the Circuit Court of Appeals reached a different conclusion does not in any degree lessen the effect of the decision of Judge Coxe as evidence of probable cause. *Crescent City Live Stock Co.* v. *Butchers' Union,* 120 U. S. 141, 158; *Spring* v. *Besore,* 12 B. Mon. 551, 555; *Short & Co.* v. *Spriggins & Co.,* 104 Georgia, 628; *Clements* v. *Odorless Excavating Co.,* 69 Maryland, 461; *Hartshorn* v. *Smith,* 104 Georgia, 235.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for malicious prosecution brought by the plaintiffs in error, in which the New York Court of Appeals ordered judgment for the defendant in error. 181 N. Y. 1. The suit complained of was a bill brought by the defendant in error in the United States Circuit Court to restrain the infringement of a registered trade-mark. A preliminary injunction was granted in that suit. An appeal was taken to the Circuit Court of Appeals, where the injunction was dissolved; and, the plaintiff making default at the final hearing, a decree was entered by the Circuit Court, expressed to be upon the merits, and dismissing the bill. The special damage alleged in the present action is the interruption of the plaintiff's business by the injunction while it was in force.

In the case at bar the trial court ordered a nonsuit on the ground that the granting of the injunction by the Circuit Court established probable cause. The principle of the decision in *Crescent City Live-Stock Landing & Slaughter-House Co.* v. *Butchers' Union Slaughter-House & Live-Stock Landing Co.,* 120 U. S. 141, that a final decree of the Circuit Court has that effect, even if subsequently reversed, was thought to extend to a preliminary decree. See also *Deposit Bank* v. *Frankfort,* 191 U. S. 499, 511. The decision of the trial court

was reversed by the Appellate Division. The defendant then took the case to the Court of Appeals, assenting, as required, that, if the order should be affirmed, judgment absolute should be rendered against him. As we have said, the order was reversed. The ground on which a review is asked here is that the Court of Appeals by its reasoning implies that it finds probable cause in its own opinion that the decree in the former case was wrong, whereas not to assume it to be correct is to fail to give it the faith and credit required by Rev. Stats. § 905.

It is unnecessary to consider whether a court bound by a previous judgment would not be warranted in saying that if the question had come before it in the first instance it would have decided the case the other way, and therefore that there was probable cause for a mistake of law into which it would have fallen itself. A mistaken view of the law may constitute probable cause in some instances, as is shown by the case cited above. Probable cause does not mean sufficient cause. But this last proposition shows that the former decree could not have decided the question now before the court, and therefore that the case is not properly here. The former decree was conclusive on the merits of the suit in which it was rendered, of course, *Lyon* v. *Perin & Goff Manuf. Co.*, 125 U. S. 698, but it only decided that that suit was brought without sufficient cause. It decided nothing as to whether the plaintiff had probable cause for expecting to prevail. If the Court of Appeals had affirmed the judgment of the trial court for the reason that a preliminary injunction fairly obtained from any court conclusively established probable cause, or that there was no evidence of a want of it, there would have been nothing to bring here, whether that reason was right or wrong. The only ground on which our jurisdiction is maintained is that the opinion of the Court of Appeals shows that it gave a different and inadmissible reason for the result to which it came.

No doubt an opinion may be resorted to for the purpose of

showing that a court actually dealt with a question presented by the record, or that a right asserted in general terms was maintained and dealt with on Federal grounds. *Missouri, Kansas & Texas Ry. Co.* v. *Elliott,* 184 U. S. 530, 534; *San José Land & Water Co.* v. *San José Ranch Co.,* 189 U. S. 177, 179, 180; *German Savings & Loan Society* v. *Dormitzer,* 192 U. S. 125. But it would be going further than we are prepared to go if we took jurisdiction upon the ground stated in this case. *Howard* v. *Fleming,* 191 U. S. 126, 137. The record discloses no question under the Constitution or laws of the United States until we come to the assignment of errors in this court. Then it was too late. *Hulbert* v. *Chicago,* 202 U. S. 275, 280. It is true that the complainant alleged the decree, but that was merely to show that the litigation complained of was ended, as was required by the law of New York, *Marks* v. *Townsend,* 97 N. Y. 590, 595, not to suggest a Federal question, which at that moment probably was not dreamed of. Even the opinion of the Court of Appeals, which is not part of the record in New York, does not disclose that there had been presented to it any argument or claim of right based upon the effect due to the previous final decree under the Revised Statutes, or indeed, in a specific way, upon the effect of the decree in any light. Furthermore, notwithstanding a few broad words relied upon by the plaintiff in error, we doubt if the Court of Appeals meant to lay down the proposition which we have said that we would not discuss, or to go further than to decide that the whole evidence was not sufficient to entitle the plaintiffs to go to the jury in an action for malicious prosecution, as that action is limited in New York.

It is argued that the Court of Appeals exceeded its functions under the constitution of the State, and in that way denied the plaintiffs due process of law. We see no reason to think so, but with that question we have nothing to do. *French* v. *Taylor,* 199 U. S. 274; *Rawlins* v. *Georgia,* 201 U. S. 638.

*Writ dismissed.*