## SMITH, RECEIVER, *v.* JENNINGS, TREASURER OF THE STATE OF SOUTH CAROLINA.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH CAROLINA.

No. 104. Argued April 24, 25, 1907.—Decided May 13, 1907.

Whether the proceedings in the enactment of a state statute conform with the state constitution is to be determined by the state court and its judgment is final.

A state statute directing the state treasurer to write certain bonds off the books in his office and no longer to carry them as a debt of the State does not impair any existing obligation of the State to pay the bonds nor affect the remedy to recover upon them; and where the state court has so construed the act, in refusing to enjoin the treasurer from making the entries required thereby, at the suit of one claiming to own the bonds, no Federal right of the plaintiff is denied, obstructed, impaired or affected and the writ of error will be dismissed.

THE facts are stated in the opinion.

*Mr. T. W. Bacot*, with whom *Mr. A. M. Lee* and *Mr. Julian Mitchell, Jr.*, were on the brief, for plaintiff in error.

*Mr. Charles A. Douglas*, with whom *Mr. E. B. Sherrill* was on the brief, for defendant in error.

MR. JUSTICE MOODY delivered the opinion of the court.

The plaintiff in error is the receiver of a state bank of South Carolina, which has been many years in liquidation. The defendant in error is the treasurer of the State of South Carolina. The receiver brought in the Supreme Court of the State a petition for an injunction to restrain the Treasurer from obeying the requirements of an act (presently to be stated) of the legislature of the State. The Supreme Court of the State dismissed the petition, and the case is here on writ of error.

The State of South Carolina issued, in 1859, bonds due in twenty years in aid of the Blue Ridge Railroad Company. The bank came to be the owner of one hundred of these bonds, each of the par value of one thousand dollars. In 1865 the assets of the bank, including the hundred bonds, were seized and carried away by soldiers of the Federal Army. Sixty-three of the bonds have been recovered by the bank from time to time and have been paid or funded by the State. Thirty-seven of the bonds are still outstanding, and nothing is known of them. In 1896 the general assembly of the State passed an act directing that no coupon bond of the State payable to bearer should be funded or paid by the state treasurer after the expiration of twenty years from the date of maturity. In 1903 the general assembly passed the following act:

"*A Joint Resolution to authorize and require the State Treasurer to write off the books in his office certain bonds entered on said books as Old Bonds, not Fundable (Act of 1896), Blue Ridge Railroad Bonds, $37,000.*

"*Be it resolved* by the General Assembly of the State of South Carolina:

"Section 1. That whereas, by the Act of the Legislature of 1896, the Treasurer of this State is forbidden to pay, consolidate or fund any coupon bond of the State after the expiration of twenty years from the date of maturity of such bonds, and certain bonds entered on the books of the State treasurer as 'Old bonds not fundable, act of 1896, Blue Ridge Railroad Bonds, $37,000,' are still carried on the books of the State treasurer. Therefore, be it resolved: That the State treasurer be, and he is hereby, authorized and required to write said bonds off of the books in his office, and no longer carry said bonds on the books as a debt of the State."

Thereupon the receiver brought this petition alleging that the act last stated, if valid, impaired the obligation of the contract made by the bonds, and that the act was not passed in conformity with the constitution of the State, and was, therefore, void. The prayer of the petition was that the respondent

be restrained by injunction "from writing the said $37,000 of the state bonds off the books in his office, and no longer carrying said bonds on the books as a debt of the State." The Supreme Court of the State decided against both these contentions, and they are brought here as Federal questions. But the conformity with the state constitution of the proceedings in the enactment of the law is a question for the determination of the state court, and its judgment is final. *Burt* v. *Smith*, 203 U. S. 129, 135; *Haire* v. *Rice*, 204 U. S. 291. Nor did the law complained of impair the obligation of the State to pay the bonds therein mentioned, or the remedy to recover upon them. The obligation and the remedy remained precisely the same after the enactment of the law as before. Neither one was in the slightest degree diminished or affected. The law merely directed a change of entries in the books of the state treasurer, and could by no possibility, in any respect whatever, deny, obstruct, impair or affect the rights of the plaintiff in error. This was the view expressed by the court below, and the statute thus interpreted raises no Federal question.

*Writ of error dismissed.*