EILEEN JESTIC, Respondent, v LONG ISLAND SAVINGS BANK, Appellant.

Second Department, June 22, 1981

APPEARANCES OF COUNSEL

*J. Robert Morris (John J. Bradbury* of counsel), for appellant.

*Geoghan & Tutrone (Steven E. Cohen* of counsel), for respondent.

OPINION OF THE COURT

O'CONNOR, J.

This case presents to this court for the first time the question of whether a cause of action for negligence may be maintained under circumstances where the defendant has instigated a prosecution against the plaintiff in a prior action in a manner alleged by the plaintiff to have been

negligent. Simply put, is there a cognizable cause of action for "negligent prosecution"? We hold that there is not, and therefore modify Special Term's order insofar as it denied that part of the defendant's cross motion which was to dismiss plaintiff's first cause of action.

## I

It is hornbook law that on a motion to dismiss for failure to state a cause of action, plaintiff's allegations are to be. taken as true. Therefore, the following recitation of facts is adopted from plaintiff's complaint.*

Plaintiff, Eileen Jestic, was employed as a teller at the defendant Long Island Savings Bank (bank) for approximately 14 years prior to the incident in question. Then, on or about March 28, 1972, the bank discovered a shortage in its books and records of approximately $600. By September 15, 1972 that shortage had increased to approximately $15,000. These shortages were pointed out by the bank's computer system and "scanak machines" which were used in the bank's record keeping system. Plaintiff alleged that the bank had experienced certain defects and malfunctions with these systems at relevant times during and prior to the period under discussion.

On or. about October 3, 1972 plaintiff was accused by the bank of being responsible for the afore-mentioned shortages. In short, it was clearly implied that she was a "thief" and "embezzler" and she was suspended from her duties without pay. At the same time the bank reported its losses and accusations to the Federal Bureau of Investigation (FBI). Six months later, plaintiff was indicted by a Federal Grand Jury, accused of embezzlement. She was subsequently arrested and arraigned, at which time she pleaded not guilty to the indictment.

A jury trial was held in the United States District Court for the Eastern District of New York, and on September

---

* Plaintiff's complaint consists of two causes of action. The first is denominated as "negligence", the second as "malicious prosecution". The recitation of facts in each is the same, save for the alleged cause of plaintiff's injuries, i.e., the conclusion that the defendant's actions were either negligent or malicious.

26, 1973 plaintiff was acquitted of all charges, upon a not guilty verdict. The prosecution was thereby terminated.

In her cause of action for malicious prosecution (not the subject of this motion to dismiss), plaintiff alleged that the defendant willfully, maliciously and without probable cause presented false and incomplete information to the FBI which led to her indictment, arrest and prosecution. In her cause of action for negligence, plaintiff omitted these allegations, and substituted therefor statements to the effect that the bank was careless, reckless and negligent in the maintenance of its record keeping affairs and in its investigation into and report to the FBI of the alleged shortages. Plaintiff demanded in her prayer for relief $2,000,000 compensatory damages and $10,000,000 punitive damages. The novel question thus presented is whether a claim for damages for negligent prosecution upon these facts and circumstances constitutes a viable cause of action.

## II

The benchmark case in New York on malicious prosecution is *Burt v Smith* (181 NY 1, writ of error dsmd 203 US 129), wherein the Court of Appeals explained that public policy requires that all persons should freely resort to the courts for redress of wrongs and that the law protects them when they act in good faith and upon reasonable grounds in commencing either a civil or criminal prosecution. The court noted (p 5) that malice is the "root of the action", but that want of probable cause must also be shown in order to succeed on a claim for malicious prosecution. More recently, in *Broughton v State of New York* (37 NY2d 451, 457), the Court of Appeals reiterated the need for pleading want of probable cause, stating: "Where the plaintiff institutes a malicious prosecution action he must plead the lack of probable cause (Malicious Prosecution—Probable Cause, Ann., 14 ALR2d 264). A contrary rule would be against public policy as tending to discourage prosecutions for crime or the vindication of civil rights."

In a malicious prosecution action, malice must also be proved. In its legal sense, "malice" means a wrongful act, done intentionally without just cause or excuse (see *Caminito v City of New York*, 45 Misc 2d 241, 251-252). The

act may have been done with an intent to inflict injury, or, malice may be inferred if the defendant has acted with a "wanton, reckless or grossly negligent disregard of the plaintiff's rights, inconsistent with good faith" *(Biener v City of New York,* 47 AD2d 520, 521). Malice may also be inferred from a finding that the defendant lacked probable cause in bringing the prior prosecution *(Loeb v Teitelbaum,* 77 AD2d 92, 104; see *Casler v State of New York,* 33 AD2d 305, 309, citing *Heyne v Blair,* 62 NY 19, 22). However, the converse is not true: want of probable cause may not be inferred merely upon a showing that a defendant acted maliciously in asserting his prosecution *(Munoz v City of New York,* 18 NY2d 6).

### III

Here plaintiff has asserted dual causes of action for the alleged wrong committed by the defendant, that wrong being the improper bringing of a criminal prosecution against her which caused her injuries. Although her claims, by title, sound in two distinct torts, they are, in effect, seeking the same relief for the same wrong. This result is unavoidable, because the tort of malicious prosecution is neither a classical intentional tort (of the likes of assault, battery, or even false imprisonment) nor is it purely a matter of negligence. Rather, it is a distinct entity, combining hybrid features of both doctrines of law. While requiring the intentional act of bringing a prosecution in bad faith, as stated previously it has been held that this bad faith (or "malice") may be inferred from a want of probable cause, or from a showing that the defendant acted "with a wanton, reckless or grossly negligent disregard of the plaintiff's rights" *(Biener v City of New York, supra,* p 521). It is clear, however, that mere negligence, which does not rise to the level of gross negligence, recklessness or other similar conduct will not suffice. Thus, it is apparent that a high degree of negligence may be one of the elements of the tort of malicious prosecution. However, in this context, it is not a separate tort unto itself. For this reason, a separate cause of action for "negligent prosecution" may not be asserted here (cf. *Matter of Williams v City of Hudson,* 69 AD2d 921).

## IV

In *Burt v Smith* (181 NY 1, 6, writ of error dsmd 203 US 129, *supra)*, the Court of Appeals relevantly noted: "[A]n innocent person may be prosecuted unjustly and subjected to expense and disgrace with no right to call the prosecutor to account, provided he acted upon an honest and reasonable belief in commencing the proceeding complained of. Peace and good order exact this hardship from the individual for the benefit of the people at large, so that citizens may not be prevented by the fear of consequences from attempting to assert their own rights or to vindicate the cause of public justice by an appeal to the courts." Likewise, in *Davenport v New York Cent. & Hudson Riv. R. R. Co.* (149 App Div 432, 436), the Fourth Department noted that: "Public policy requires that a person having information which satisfies him that another person has committed a crime should be free to institute a prosecution therefor, where there is no ulterior motive, without fear of subjecting himself to personal liability in damages in case the prosecution fails". (See, also, *McClinton v Rice,* 76 Ariz 358, 365; *Kvasnicka v Montgomery Ward & Co.,* 350 Mo 360; *Johnson v Southern Pac. Co.,* 157 Cal 333, 338; *Gardiner v Mays,* 24 Ill App 286, 289.)

Quite clearly, public policy has developed an immunity to protect those who act in a reasonable manner in bringing to justice those they believe are criminals. That immunity cannot be broken down upon a mere allegation of negligence or even gross negligence. Want of probable cause must also be proved, and this may not be inferred from defendant's malice alone.

## V

This appeal is also from that part of Special Term's order which denied defendant's cross motion insofar as it was to direct plaintiff and her attorneys to produce for discovery a key which was introduced into evidence by the plaintiff at her criminal trial. Affidavits were submitted by plaintiff's attorneys to the effect that the key is no longer in plaintiff's possession, as it was left with the clerk of the Federal court as evidence, and efforts to now retrieve it

have been fruitless. Apparently for this reason Special Term denied this part of the cross motion.

■ Under liberal rules of discovery embodied in the CPLR (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C3101:5, p 11), defendant should be permitted to discover the key which evidently played an important part in plaintiff's earlier defense. Obviously, plaintiff cannot produce it if she cannot retrieve or otherwise possess it. Yet, if by circumstance she should come into possession of it again, the key must be produced by her for discovery and inspection by the defendant. The order of Special Term should be modified accordingly.

## VI

Lastly, we note that the direction to examine John Smith as a representative of the defendant bank was proper. The examination should proceed forthwith.

HOPKINS, J. P., DAMIANI and MANGANO, JJ., concur.

Order of the Supreme Court, Queens County, dated November 23, 1979, modified, on the law, by adding provisions thereto further granting defendant's cross motion by dismissing the first cause of action of plaintiff's complaint and directing that if the key in question should come into plaintiff's possession it must be produced for discovery and inspection by the defendant. As so modified, order affirmed insofar as appealed from, with costs to the appellant. The examination before trial shall proceed at the place set forth in the order at a time to be fixed in a written notice of not less than 10 days, to be given by the plaintiff, or at such time and place as the parties may agree. The examination shall proceed with all convenient speed.