■ FRANK LA MAR, Respondent, v TOWN OF GREECE et al., Appellants, and
LEE O. BEUCKMAN, Respondent. (Appeal No. 1.) — Order unanimously modi-
fied and, as modified, affirmed, without costs, in accordance with the following

memorandum: These appeals question the viability of various causes of action which plaintiff has alleged against the Town of Greece and individual police officers as a result of his mistaken arrest. On May 3, 1980, a shoplifter, identified as Jerome Stewart, was arrested by Leo Beuckman, the proprietor of a hardware store from which Stewart had allegedly stolen property. Beuckman, unaware that Stewart had been released on bail that same day, notified the town police that he saw Stewart driving a 1977 Cadillac bearing what Beuckman mistakenly thought was license plate 933-URV. Beuckman actually saw a 1973 Chevrolet with license plate 993-URV. Plaintiff owned a Volkswagen with license plate 933-URV. Despite plaintiff's protests that he was not the criminal suspect being sought, the police obtained an arrest warrant on July 29, 1980. The warrant application was based on a police investigation and included results of a photo array in which five persons identified plaintiff as the person arrested by Beuckman. On August 7, 1980, plaintiff was formally charged with petit larceny and offering a false instrument for filing. The charges were dismissed on October 29, 1980 when the police realized their error. The issues on these appeals concern plaintiff's second and third amended complaints. The third differs from the second only that in the third plaintiff alleges a cause of action for deprivation of his civil rights pursuant to section 1983 of title 42 of the United States Code. In each he alleges malicious prosecution, negligent investigation and negligent supervision against the town and the individual officers. He seeks punitive damages only on his section 1983 claim. Although plaintiff was properly permitted to increase the *ad damnum* clause in the second amended complaint (see *Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23; *Kenford Co. v County of Erie*, 93 AD2d 998), his causes of action for negligence should have been dismissed because they resemble a claim for "negligent prosecution" which is not a cognizable cause of action (see *Jestic v Long Is. Sav. Bank*, 81 AD2d 255). Plaintiff's cause of action against the town pursuant to section 1983 of title 42 of the United States Code was properly dismissed because there is no allegation that an official municipal policy was responsible for the alleged deprivation of plaintiff's civil rights (see *Monell v New York City Dept. of Social Servs.*, 436 US 658, 691; *Kolko v City of Rochester*, 93 AD2d 977, 978). Plaintiff's section 1983 claim against the individual officers also was properly dismissed because plaintiff has failed to allege an unconstitutional deprivation of his liberty. In *Baker v McCollan* (443 US 137) plaintiff was arrested and detained in jail for three days despite protests of mistaken identity. The court held that because plaintiff had been arrested pursuant to a valid warrant, his short-term confinement did not constitute a deprivation without due process of law (*Baker v McCollan, supra*, pp 144-146). Moreover, had plaintiff not voluntarily withdrawn his claim for punitive damages on his malicious prosecution claim he may have had an adequate State remedy to seek redress against the individual officers (see *Sharapata v Town of Islip*, 56 NY2d 332; cf. *Myers v City of Rochester*, 116 Misc 2d 83; see, also, 36 NY Jur, Malicious Prosecution, § 58). In any event "[a]lthough the state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process" (*Parratt v Taylor*, 451 US 527, 544). Therefore, we affirm the order denying plaintiff's third amended complaint in its entirety. We modify the order granting plaintiff's second amended complaint by deleting the fifth and sixth causes of action for negligence therein. Plaintiff has withdrawn his causes of action for false arrest and for libel and slander, as well as his claim for punitive damages on the State causes of action. (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J. — amend complaint.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and O'Donnell, JJ.