■ ARTHUR BURROUGHS, Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. (Action No. 1.) ARTHUR BURROUGHS, Respondent, v CITY OF NEW YORK, Appellant. (Action No. 2.)—

In an action (action No. 2), *inter alia,* to recover damages for malicious prosecution and false arrest, defendant New York City appeals, as limited by its brief, from so much of an interlocutory order and judgment (one paper) of the Supreme Court, Kings County (Monteleone, J.), dated February 14, 1984, as denied its motion to dismiss the action and held that it was liable to plaintiff.

Interlocutory order and judgment reversed, insofar as appealed from, on the law, without costs or disbursements, and complaint against appellant dismissed.

On September 1, 1969, at approximately 4:40 A.M., plaintiff and his sister boarded a New York City bus operated by the defendant in action No. 1, the New York City Transit Authority. The fare at the time was 20 cents. As of September 1, 1969, however, exact change was required. According to plaintiff, his sister boarded the bus, paid the fare and sat down. Immediately thereafter, plaintiff boarded the bus and placed a quarter on the money tray located next to the bus driver and waited for the driver to make change. The driver, however, informed plaintiff that under the new exact change policy he was not authorized to make change. Plaintiff was unable to obtain change of his quarter from the passengers already on the bus. The driver then asked him to pay the fare or leave the bus. Plaintiff, however, would not deposit the quarter and would not leave the bus. At this point, the driver signaled a police officer, who boarded the bus. It is undisputed that the officer offered plaintiff the option of paying 20 cents, paying 25 cents or paying nothing and exiting the bus. It is also undisputed that the officer warned plaintiff that if he remained on the bus without paying the fare, he would be arrested. Plaintiff, however, declined to deposit his quarter and informed the officer that he could not get off the bus since he was too far from home. At this point, the officer arrested plaintiff, and transported him to the 77th Precinct, where he was detained for two hours before being released. He was charged with theft of services pursuant to Penal Law § 165.15 (3). The criminal action on the charges was, however, dismissed for lack of prosecution, and in April of 1971, plaintiff commenced the instant separate actions against the City of New York and the New York City Transit Authority. The complaints which alleged, *inter alia,* causes of action in malicious prosecution and false arrest, were tried jointly. After a jury trial, during which both defendants moved unsuccessfully to dismiss the actions for failure to set forth a prima facie case, the jury awarded plaintiff $75,000 in compensatory damages for false

arrest and malicious prosecution. The defendants moved to set aside the verdicts as unsupported by the evidence and renewed their earlier motions to dismiss the complaint. In a decision and order dated December 29, 1984, the court dismissed the complaint as against the New York City Transit Authority, but denied the motion to dismiss against defendant City of New York, stating, "[b]y its verdict, the jury found that the Police Officer did not have reasonable or probable cause for making the arrest."

Further, the court deemed the $75,000 jury award to be excessive and granted a new trial on the issue of compensatory damages unless the plaintiff stipulated to accept the reduced sum of $15,000. Plaintiff has failed to so stipulate.

On appeal, defendant City of New York argues that probable cause to arrest existed as a matter of law and that plaintiff's action against it should have been dismissed. We agree.

Requisite to plaintiff's recovery on his causes of action for false arrest and malicious prosecution is the absence of probable cause to make the arrest and maintain the subsequent criminal proceeding (*Veras v Truth Verification Corp.,* 87 AD2d 381, 384, *affd* 57 NY2d 947; *Loeb v Teitelbaum,* 77 AD2d 92, 102, *amended* 80 AD2d 838). For the purposes of malicious prosecution, probable cause has been defined as "the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of" (*Burt v Smith,* 181 NY 1, 5, *writ dismissed* 203 US 129; *Loeb v Teitelbaum, supra,* at pp 102-103). Moreover, under former Code Criminal Procedure § 177 (1), in effect at the time of plaintiff's arrest, a peace officer could arrest a person for a crime committed or attempted in his presence.

On this record, even viewing the evidence most favorably to the plaintiff who prevailed at trial, there can be no dispute that the arresting officer had reasonable cause to believe plaintiff was committing a crime. According to plaintiff's own testimony, when a police officer arrived, plaintiff was informed that he could pay 20 cents, pay 25 cents, leave or remain without paying and face arrest. Plaintiff declined to pay the fare unless he received change and told the officer that he would not get off the bus. He was then arrested and subsequently charged with theft of services. Under these circumstances, the arresting officer had reasonable cause to arrest plaintiff, and, accordingly, the trial court should have dis-

missed plaintiff's action against the city. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.