■ PATRICK COYNE, Respondent, v STATE OF NEW YORK, Appellant.—Levine, J. Appeal from a judgment in favor of claimant, entered October 16, 1984, upon a decision of the Court of Claims (Quigley, J.).

While attending a weekend beer party in the Town of Durham, Greene County, 17-year-old Christopher Spencer became intoxicated and wandered onto State Highway 145 where he was struck by an automobile and killed. An investigation was conducted by State Police Investigator Robert Currier, who determined that the party was held on the premises of claimant's parent and that claimant had supplied the beer. On the basis of Currier's complaint and a written statement by John Hanley, a participant at the party, a warrant was issued for claimant's arrest on the charge of unlawfully dealing with a minor (Penal Law § 260.20 [4]). Claimant was arrested and arraigned on October 9, 1982; however, when the charge was presented to the Grand Jury, a finding of no bill was returned.

The instant claim against the State was filed on January 17, 1983 seeking damages for false imprisonment and malicious prosecution arising out of Currier's role in the initiation of the criminal charges against claimant. The claim alleged, *inter alia,* that Currier had not adequately investigated the case before filing charges and that a more competent investigation would have exculpated claimant.

The claim proceeded to trial, at the conclusion of which the Court of Claims dismissed the claim *sua sponte* as jurisdictionally defective, since the notice of claim was served on the State more than 90 days after the date on which the court determined that claimant's cause of action had accrued *(see,* Court of Claims Act § 10 [3]). In response, claimant applied for leave to file a late claim nunc pro tunc pursuant to Court of Claims Act § 10 (6). The State opposed the application on the ground that, the one-year Statute of Limitations having already run on causes of action for false arrest and malicious prosecution (CPLR 215 [3]), the court was statutorily barred

from granting permission to file a late claim (Court of Claims Act § 10 [6]). The court nevertheless granted claimant's application, holding that the claim and the proof adduced at the trial established a cause of action based upon negligent police investigation and, as such, was governed by the three-year Statute of Limitations (CPLR 214 [5]). It awarded damages of $7,500. This appeal by the State ensued.

Concededly, if claimant were relegated to bringing his claim on theories of false arrest or malicious prosecution, the one-year Statute of Limitations on the actions would have precluded the Court of Claims from granting permission to file a late claim (see, Court of Claims Act § 10 [6]). Therefore, the dispositive issue on appeal is whether claimant had a viable cause of action for negligent investigation. The case law is well settled that, on public policy grounds, no legally cognizable cause of action exists for negligent investigation of a crime and claimant's only avenue of relief is by way of the traditional remedies of false arrest and malicious prosecution suits (see, La Mar v Town of Greece, 97 AD2d 955, 956; Jestic v Long Is. Sav. Bank, 81 AD2d 255, 258; Boose v City of Rochester, 71 AD2d 59, 62). The same result is reached under the doctrine that a governmental entity cannot be held liable for negligence in the performance of a governmental function, including police and fire-fighting activity, unless a special relationship existed with the injured party. Neither the assumption of a special duty nor claimant's reliance thereon was established here (see, Shinder v State of New York, 62 NY2d 945, 946; Napolitano v County of Suffolk, 61 NY2d 863, 864; cf. De Long v County of Erie, 60 NY2d 296, 304).

We find Malley v Briggs (475 US —, 89 L Ed 2d 271), cited on oral argument by appellant, to be totally inapposite. There, the Supreme Court merely held that a police officer is not immune from liability under 42 USC § 1983 if he submits a "warrant [and the] application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable" (supra, at 281). In the instant case, the facts spelled out in the criminal complaint and accompanying witness' statement were sufficient to establish probable cause.

Judgment reversed, on the law and the facts, without costs, and claim dismissed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.