■ WILLIAM WEINGARTEN et al., Respondents, v HALFPENNY AUTO PARTS, INC., et al., Appellants, et al., Defendants.—In an action to recover damages for, inter alia, malicious prosecution and false imprisonment, the defendants Halfpenny Auto Parts, Inc. and James Halfpenny appeal, as limited by their

brief, from so much of a judgment of the Supreme Court, Nassau County (Oppido, J.), dated October 22, 1986, as, upon a jury verdict, was in favor of the plaintiff William Weingarten and against them in the principal sum of $140,000.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the complaint is dismissed as against these defendants.

A prerequisite to the plaintiffs recovering on their causes of action for false imprisonment and malicious prosecution is the absence of probable cause to make the arrest and maintain the subsequent criminal proceeding. The appellants contend that probable cause to arrest existed as a matter of law and that both theories of liability of these defendants which were submitted to the jury should have been dismissed. We agree. For the purposes of maintaining a cause of action for malicious prosecution, probable cause has been defined as "the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of" *(Burt v Smith,* 181 NY 1, 5, *writ dismissed* 203 US 129; *Burroughs v City of New York,* 112 AD2d 186).

On this record, viewing the evidence most favorably to the plaintiffs, who prevailed at trial, as a matter of law there can be no dispute that there was probable cause to believe that the plaintiff William Weingarten had committed the crime with which he was charged. Weingarten's own trial testimony confirmed the truth of the admissions he made to the polygraph examiner that he had stolen cash from his employer over the course of the year. Where the facts leading up to the arrest are undisputed, the existence of probable cause to make the arrest is for the court to determine as a matter of law *(Rawson v Leggett,* 184 NY 504, 508; *Veras v Truth Verification Corp.,* 87 AD2d 381, *affd* 57 NY2d 947). Accordingly, the trial court should have dismissed the claims premised on false imprisonment and malicious prosecution as a matter of law. Mangano, J. P., Lawrence, Spatt and Balletta, JJ., concur.