■ FRANK J. PANDOLFO, Appellant, v U.A. CABLE SYSTEMS OF WATERTOWN, Respondent.—Order unanimously affirmed with costs. Memorandum: Defendant filed a complaint charging plaintiff with theft of services. A person is guilty of theft of cable television service when, with intent to avoid payment of the lawful charge for such service, he obtains or attempts to obtain such service or avoids or attempts to avoid payment for such service by "tampering or making connection with the equipment of the supplier" of the service (Penal Law § 165.15 [4] [a]). If tampering has been established, there is a presumption that the person receiving the service has done the tampering with the intent to avoid payment (Penal Law § 165.15 [4]; *see also, People v Frankel,* 129 Misc 2d 95, 102; *People v Thomas,* 95 Misc 2d 289, 290, *revd on other grounds* 107 Misc 2d 325, *appeal dismissed* 54 NY2d 789).

To maintain his cause of action for malicious prosecution, plaintiff was required to show that (1) defendant had commenced a criminal proceeding against him, (2) the proceeding had been terminated in his favor, (3) defendant had lacked probable cause to institute the proceeding, and (4) defendant had instituted the proceeding with actual malice *(see, Broughton v State of New York,* 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *Burt v Smith,* 181 NY 1, 5, *writ dismissed* 203 US 129; *Loeb v Teitelbaum,* 77 AD2d 92, 102; *Boose v City of Rochester,* 71 AD2d 59, 65). The first two elements are conceded in this case.

Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of *(Burroughs v New York City Tr. Auth.,* 112 AD2d 186, 188, quoting *Burt v Smith, supra,* at 5; *Loeb v Teitelbaum, supra,* at 102-103; *Boose v City of Rochester, supra,* at 67). In the absence of a factual dispute, the determination of probable cause should be determined by the court *(see, Munoz v City of New York,* 18 NY2d 6, 11; *Weingarten v Halfpenny Auto Parts,* 138 AD2d 373, 374). As a matter of law, a reasonable person in the place of defendant would believe that there were grounds to prosecute plaintiff for theft of services. The proof in this case shows that plaintiff was receiving cable television service at 702 Coffeen Street and

that defendant's equipment at that address had been tampered with by the connection of a coaxial cable running to 704 Coffeen Street. Thus, because defendant had probable cause to initiate the proceeding against plaintiff, Special Term properly granted defendant summary judgment dismissing the malicious prosecution cause of action.

In addition, plaintiff's cause of action must fail because he has not offered proof that defendant acted with actual malice (see, Munoz v City of New York, supra, at 9; Loeb v Teitelbaum, supra, at 104; Boose v City of Rochester, supra, at 70). In this regard, plaintiff's contention that actual malice may be inferred from the fact that cable television companies and videotape rental outlets are competitors must be rejected. Competition alone is insufficient to support such an inference.

Special Term also properly denied plaintiff's motion for leave to amend his complaint to assert a negligence cause of action. Notwithstanding plaintiff's characterization of his negligence claim, such claim arises out of the same facts as his malicious prosecution cause of action, alleging that he would not have been prosecuted had defendant's employees been more careful. As a matter of public policy, there is no cause of action in the State of New York for negligent prosecution or investigation (see, Burt v Smith, supra, at 5; Coyne v State of New York, 120 AD2d 769, 770; La Mar v Town of Greece, 97 AD2d 955, 956; Jestic v Long Is. Sav. Bank, 81 AD2d 255, 258-259).

We have examined plaintiff's other contention and find it to be without merit. (Appeal from Order of Supreme Court, Jefferson County, Inglehart, J.—Amend Complaint; Summary Judgment.) Present—Dillon, P. J., Boomer, Green, Lowery and Davis, JJ.