■ New York State Properties, Inc., et al., Respondents, v Steven R. Clark, Appellant.—Crew III, J. Appeal from that part of an order of the Supreme Court (Mugglin, J.), entered June 12, 1991 in Delaware County, which (1) granted plaintiff New York State Properties, Inc. permission to come forward with evidentiary support for its eighth cause of action, and (2) denied defendant's motion for summary judgment dismissing the complaint's ninth cause of action and part of the tenth cause of action.

In 1988, defendant contracted with plaintiff New York State Properties, Inc. (hereinafter NYSP) to install septic systems, driveways and foundations on various parcels of real property. On or about October 21, 1988, plaintiff Christopher Finkbeiner (hereinafter plaintiff), who is the sole shareholder and president of NYSP, drafted a company check for $5,000 payable to defendant and delivered it to defendant as payment for work performed. In a telephone conversation two days later, plaintiff and defendant got into a dispute about performing work during the upcoming week. Before concluding their conversation, plaintiff told defendant that a stop payment order would be issued against the $5,000 check and that defendant's services were no longer needed. In October 1988 and November 1988, defendant twice presented the check for payment and each time it was returned for insufficient funds, not pursuant to a stop payment order. In December 1988, defendant filed 13 mechanic's liens against various parcels of real property on which he performed work totaling about $13,570. Sometime in 1989, defendant brought criminal charges against plaintiff for issuing a bad check. In December 1989, all of the liens filed by defendant expired because no extension of time was sought and no foreclosure proceedings were commenced, and the criminal charge against plaintiff was dismissed on the ground that he was denied his right to a speedy trial.

In April 1990, plaintiffs commenced this action against defendant alleging 10 causes of action and seeking monetary damages. Defendant answered and asserted a counterclaim for breach of contract. After a reply and bill of particulars were served, defendant moved for summary judgment, *inter alia,* as to the eighth and ninth causes of action for failure to state a cause of action and the tenth cause of action as being time barred. Plaintiffs opposed the motion and alternatively cross-moved for leave to amend their complaint, asserting that the eighth and ninth causes of action are claims for abuse of process and prima facie tort and that the tenth cause of action is a claim for malicious prosecution. Supreme Court denied defendant's motion for summary judgment as to the ninth cause of action (finding that NYSP had stated a claim for prima facie tort) and the tenth cause of action (finding that plaintiff had stated a claim for malicious prosecution). Additionally, the court dismissed the abuse of process claim without prejudice to NYSP to come forth with evidentiary support. This appeal by defendant ensued.

Where process is manipulated to achieve some collateral advantage, a claim for abuse of process will be available to the

injured party *(see, Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 404). NYSP asserts that defendant "knowingly, fraudulently, and intentionally filed * * * exaggerated [liens]" totaling more than $13,000 "when in fact he has been overpaid by more than $2,000.00". There is no allegation or evidentiary proof by NYSP that defendant sought to obtain some collateral advantage or corresponding detriment to NYSP which was outside the legitimate ends of filing the mechanic's liens *(supra,* at 403). To the contrary, the record demonstrates that there is a dispute between defendant and NYSP concerning whether overpayments were made or additional payments for work performed are due to defendant. It is apparent that defendant filed the liens to protect his interest in the work performed on the various parcels of real property *(see, Key Bank v Lake Placid Co.,* 103 AD2d 19, 26-27, *appeal dismissed* 64 NY2d 644). Because NYSP has failed to raise any issue of fact regarding its cause of action for abuse of process, defendant's motion was properly granted. Supreme Court erred, however, in granting judgment without prejudice to NYSP to come forth with evidentiary support of this cause of action. NYSP was required to produce evidentiary proof on the instant motion sufficient to require a trial of material issues of fact *(see, Zuckerman v City of New York,* 49 NY2d 557). This it did not do and summary judgment dismissing the eighth cause of action for abuse of process should have been absolute.

Defendant contends that Supreme Court erred in finding that the ninth cause of action states a claim by NYSP for prima facie tort. Unless malevolence has been established as the sole motive for defendant filing the mechanic's liens, no claim for prima facie tort will lie *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333). Defendant has averred factually that he filed the liens to protect his interest in work performed on various parcels of real property. NYSP has failed to allege facts evidencing that malevolence was the sole motive for defendant filing the liens *(see, Patane v Griffin,* 164 AD2d 192, 196, *lv denied* 77 NY2d 810; *Sokol v Sofokles,* 136 AD2d 535, 536). Defendant's motion for summary judgment dismissing the ninth cause of action should, therefore, have been granted.

Finally, turning to the tenth cause of action, plaintiff contends that there are factual issues as to whether defendant had probable cause to bring criminal charges against him for issuing a bad check and that Supreme Court therefore properly refused to dismiss this cause of action. We disagree. The

Court of Appeals has held that "[p]robable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of. * * * Belief alone, however sincere, is not sufficient, for it must be founded on circumstances which make the belief reasonable" (*Burt v Smith*, 181 NY 1, 5-6, *appeal dismissed* 203 US 129). In the case at bar, the $5,000 check delivered to defendant by plaintiff was dishonored twice based upon NYSP's checking account not having sufficient funds to pay it. Although plaintiff threatened that a stop payment would be issued against the check, the face of the check itself states that the reason for it being returned was insufficient funds. Absent any postdate on the check, defendant's belief that he had lawful grounds against plaintiff was reasonable. We therefore find, as a matter of law, that defendant had probable cause in charging plaintiff with issuing a bad check. Accordingly, the tenth cause of action should also have been dismissed.

Mercure, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion for summary judgment dismissing the ninth and tenth causes of action in the complaint and granted plaintiff New York State Properties, Inc. permission to come forward with evidentiary support of its eighth cause of action; defendants' motion for summary judgment dismissing the ninth and tenth causes of action granted and said causes of action are dismissed; and, as so modified, affirmed.