■ LAWRENCE E. KELLERMUELLER, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [607 NYS2d 942] —Judgment, Supreme Court, New York County (Harold Baer, Jr., J.) entered October 30, 1992, after jury trial, which awarded plaintiff damages of $45,000 plus interest and costs, in an action for malicious prosecution, unanimously reversed, on the law, and the matter remanded for a new trial on the issue of liability, without costs.

The question on this appeal is whether or not the trial court erred, in an action for malicious prosecution, in its charge to the jury concerning the plaintiff's burden of proving the absence of probable cause. Because we find that the court erroneously declined to charge the jury that plaintiff must prove that the police were without probable cause to arrest him for harassment, the highest count charged in the complaint, we reverse.

The evidence at trial revealed that at approximately midnight on June 12-13, 1988, Port Authority patrol officers were assigned to divert traffic from the site of a manhole fire at 40th Street and 8th Avenue in Manhattan. Plaintiff was driving his vehicle in the area and unknowingly drove into the block the officers were seeking to secure. The plaintiff testified that after being turned back at 40th Street and 8th Avenue, he was stopped at 40th Street and 9th Avenue, was asked for his license and registration, got no response to the question of why he was being stopped, exited his car to get writing materials from his briefcase, politely asked the officer for his badge number, and then was slammed down against the trunk of his car and handcuffed, for no apparent reason.

The arresting officer, in contrast, testified that he stopped

plaintiff's car and another, after they had been turned back at 8th Avenue. While he was taking and verifying information, plaintiff exited his vehicle, approached the officer and asked for his badge number. He told plaintiff to return to his car, and that the badge number would be on the summons. Plaintiff then grabbed the officer's badge, tearing his shirt and cutting him on the chest. The officer then "placed Mr. Kellermueller in a defensive position on the rear of his car and attempted to handcuff him", the plaintiff apparently not cooperating. Plaintiff was taken to Port Authority Police Station where he was held for several hours, then released with a desk appearance ticket charging him with assault, resisting arrest, and two traffic violations. When the arresting officer later met with the prosecutor assigned to the case, he expressed his belief that plaintiff had not intended to injure him and suggested that the assault charge be reduced to harassment in the criminal complaint.

At the close of evidence, defendant requested a jury instruction as to plaintiff's burden of proving that the police were without probable cause to prosecute him for harassment, the offense with which plaintiff had been charged in the criminal complaint; the court denied the request and charged the jury as to plaintiff's burden of proving that the police were without probable cause with respect to assault only. The jury found in favor of plaintiff.

In an action for malicious prosecution, a plaintiff must prove four elements: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff; (2) the termination of the proceeding in favor of the accused; (3) the absence of probable cause for the criminal proceeding; and, (4) actual malice *(Broughton v State of New York,* 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929).

Probable cause, the element at issue in this case, is defined in an action for malicious prosecution as " 'the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of.' " *(New York State Props. v Clark,* 183 AD2d 1003, 1006; *Burroughs v New York City Tr. Auth.,* 112 AD2d 186, 188.)

We find that the trial court erred in limiting the jury's consideration to whether the police had probable cause to arrest plaintiff for the crime charged in the desk appearance ticket. Rather, the court should have further addressed issues

of fact raised by the testimony by also permitting the jury to consider whether there was probable cause to commence and continue the prosecution for the count with which plaintiff was ultimately charged, i.e., harassment. It is clear that such an instruction would have had a significant impact on the jury's evaluation of the facts.

Penal Law § 120.00 (1), the assault provision at issue here, defines the crime as follows:

"A person is guilty of assault in the third degree when:

"1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person".

Penal Law § 240.25 defines the crime of harassment in the first degree as follows: "A person is guilty of harassment in the first degree when he or she intentionally and repeatedly harasses another person by following such person in or about a public place or places or by engaging in a course of conduct or by repeatedly committing acts which places such person in reasonable fear of physical injury".

In a prosecution for harassment, unlike a prosecution for assault, evidence that defendant shoved an officer, or accused a police officer of a crime, placed his finger on the officer's chest, and then reached for the officer's pockets supports an inference of the requisite intent (People v Collins, 178 AD2d 789; People v Hare, 66 Misc 2d 207).

Thus, we find that the trial court erred in not granting the defense request which would have instructed the jury to determine whether there was probable cause to arrest plaintiff for harassment, as charged in the criminal complaint (see, Parkin v Cornell Univ., 78 NY2d 523).

For this reason, the judgment should be reversed, and the case remanded for a new trial. The new trial should be initially confined to the issue of liability, and should plaintiff again prevail, the damages award shall stand, inasmuch as we do not find it to be unreasonable. Concur—Rosenberger, J. P., Ellerin, Asch, Nardelli and Williams, JJ.