■ CLAUDE GALLAND et al., Appellants, v MITCHELL KOSSOFF et al., Respondents, et al., Defendants. [824 NYS2d 630]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered on or about June 27, 2005, which, insofar as appealed from, granted defendants-respondents' motion pursuant to CPLR 3211 (a) (7) to dismiss plaintiffs' causes of action under Judiciary Law § 487 and for malicious prosecution, unanimously affirmed, without costs.

The Judiciary Law § 487 claim was properly dismissed for lack of allegations sufficient to show that defendants were guilty of a "delinquency," let alone one that was part of a "chronic and extreme pattern," in their representation of plaintiffs' landlord in summary proceedings against plaintiffs and others (*Solow Mgt. Corp. v Seltzer*, 18 AD3d 399, 400 [2005], *lv denied* 5 NY3d 712 [2005]). The malicious prosecution claim was properly dismissed for lack of allegations sufficient to show that the summary proceeding against plaintiffs was commenced without probable cause, i.e., without knowledge of facts, actual or apparent, strong enough to permit a reasonable belief that the complained of commercial activity was taking place in at least one of plaintiffs' apartments in the building (*see Kellermueller v Port Auth. of N.Y. & N.J.*, 201 AD2d 427, 428 [1994]). Indeed, the record of the summary proceeding strongly indicates the existence of bona fide issues of fact as to whether commercial activity was taking place, and that the summary proceeding was discontinued only because disclosure revealed that the commercial activity was taking place not in plaintiffs' three-apartment unit that was the subject of the summary proceeding, but in their two-apartment unit on the same floor. Concur—Tom, J.P., Andrias, Saxe, Marlow and Nardelli, JJ.