Edward Mintz, MD, Plaintiff-Appellant,
against
Rosenberg, Minc, Falkoff & Wolff, LLP, and Peter D. Rosenberg, Defendants-Respondents.



Plaintiff, as limited by his brief, appeals from so much of an order of the Civil Court of the City of New York, New York County (Robert R. Reed, J.), entered March 5, 2013, as granted defendants' CPLR 3211(a)(7) motion to dismiss the Judiciary Law § 487 cause of action.




Per Curiam.
Order (Robert R. Reed, J.), entered March 5, 2013, insofar as appealed from, affirmed, with $10 costs.
Defendant's postanswer CPLR 3211(a)(7) motion to dismiss was not untimely (see CPLR 3211[e]). Nor did the timing of the motion "necessarily or definitionally transform it into a motion for summary judgment" (Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 257 [2012]). On the merits, the Judiciary Law § 487 cause of action was properly dismissed, since the complaint "fails to show either a deceit that reaches the level of egregious conduct or a chronic and extreme pattern of behavior on the part of the defendant attorneys" (Savitt v Greenberg Traurig LLP, 126 AD3d 506, 507 [2015]; see Seldon v Lewis Brisbois Bisgaard & Smith LLP, 116 AD3d 490 [2014], lv dismissed 25 NY3d 985 [2015]) in their representation of one Calvalcante in a prior action against plaintiff for medical malpractice (see Galland v Kossoff, 34 AD3d 306 [2006]). The allegations that defendants filed a certificate of merit and/or a note of issue in the prior action when they lacked sufficient supporting medical expert opinion were not "sufficiently egregious" to support this claim (see Strumwasser v Zeiderman, 102 AD3d 630, 631 [2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: September 30, 2016