John H; Fabnham, J.
The defendant, Sarto 0. Major, Sheriff of Onondaga County, moves for a dismissal of the complaint as against him on the ground that it fails to state a cause of action against him.
The motion is made under rule 106 of the Rules of Civil Practice. In brief, it is alleged that the defendants, Tripp and Lauwaert, both Deputy Sheriffs of the County of Onondaga, arrested the plaintiff by virtue of a warrant issued by Judge Leo J. Yehle of the Children’s Court of Onondaga County. The issuance of the warrant by Judge Yehle appears to have been based on an alleged failure by plaintiff to make payments of support under an order of filiation previously granted by Judge Yehle. It developed that there was mistaken identity, and that the plaintiff herein was not the Edward J. Sheridan, Jr., named in the warrant, and thereafter he was released from custody.
The issue is clearly raised on this motion as to whether the defendant deputies in the execution of Judge Yehle’s warrant, a warrant of arrest, were acting in “criminal” or “civil” capacity.
The defendant Major’s position on this motion is that the defendant deputies in executing the warrant and arresting the plaintiff were acting in a “ criminal ” capacity, and, therefore, under the rule recently laid down in the case of Isereau v. Stone (3 A D 2d 243), the defendant Sheriff is not personally liable for the acts of his defendant deputies. On the other hand, the plaintiff on this motion contends that for the reason that a filiation proceeding is civil in nature, the execution of the warrant in question and subsequent arrest of the plaintiff were “ civil” acts on the part of the deputies and, therefore, again under the Isereau case the Sheriff is personally liable.
While the court is unable to find any authority directly in point, it is noted that section 129 of the Domestic Relations Law (par. 3) which pertains in part to a warrant of arrest states “which shall be executed in the manner provided in the code of criminal procedure for the execution of the warrant ”. It would seem that the very connotation, therefore, of a warrant of arrest is criminal in nature and the court is of the opinion that the defendant deputies, when executing this warrant of arrest were acting in a “ criminal ” capacity and, therefore, the defendant Sheriff is free from liability for their acts.
*824 The court further believes that what is necessary in the application of the rule laid down in the Isereau case to a given set of facts is the nature of the duty which the defendant deputies were performing at the time of the arrest, and the court is of the further opinion that the execution of a warrant of arrest where the warrant is entitled “ People of the State of New York against ’ ’ is definitely a criminal function, and that on the occasion of the execution of the warrant and the arrest of the plaintiff in the instant case, the defendant deputies were acting in a “ criminal ” as opposed to a “ civil ” capacity, in keeping with the reasoning herein set forth. The court points out further that the Appellate Division, Fourth Department, by an unanimous court in the Isereau case states uneqnivocably in substance, when Deputy Sheriffs are discharging criminal duties they are in the service of the public and the Sheriff may not be held personally liable for their alleged acts of negligence, misfeasance or nonfeasance, and while, as stated, there may be conflict in other jurisdictions concerning status of relationship between Sheriff and his deputy, ‘ ‘ our highest court * * * has consistently refused to retreat e * * [from the decision arrived at in the Isereau case, which] has marked the path for * * * [the Appellate Division] to follow”. Therefore, the court is constrained to grant the motion of the defendant Sheriff for a dismissal of the complaint as to him.