(February 22, 1962)

THE PEOPLE OF THE STATE OF NEW YORK v. ROBERT WHITFIELD. (Lawrence J. Mattar, Esq.) — Motion granted to prosecute appeal on original record, typed briefs, and counsel assigned.

MARTIN J. COYNE, Appellant, v. WILLIAM T. CAMPBELL, Respondent.—

Memorandum: The ruling of the court excluding the evidence as to the value of medical services was correct. Goldman and Halpern, JJ., concur in result in the following memorandum: Upon the record before us, we do not reach the question of the propriety of the court's ruling for the reason that the verdict of the jury was adequate even if the excluded items were included. (Appeal by plaintiff from judgment of Ontario Trial Term for plaintiff in an automobile negligence action.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

EDWARD J. SHERIDAN, JR., Appellant, v. SARTO C. MAJOR, as Sheriff of the County of Onondaga, Respondent, et al., Defendants.—

Memorandum: We cannot decide upon the face of the complaint that no cause of action against Sheriff Major was stated. It would appear that the warrant under color of which the plaintiff was arrested was issued in a civil proceeding. It has been held generally that filiation proceedings conducted outside of New York City are civil in nature (*Matter of Clausi*, 296 N. Y. 354; *Matter of Bancroft*, 276 App. Div. 485; *Scruton* v. *Dziewisz*, 284 App. Div. 276, 280). That being so, Sheriff Major would be an appropriate party defendant (cf. *Isereau* v. *Stone*, 3 A. D. 2d 243). (Appeal from order of Onondaga Special Term dismissing the complaint as to defendant Sarto D. Major, Sheriff.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ. [28 Misc 2d 822.]

WILLIAM DOUGLASS, Respondent, v. CITY OF BUFFALO, Appellant.— Judgment and order unanimously affirmed, with costs. (Appeal from judgment of Erie Trial Term in favor of plaintiff in a negligence action. The order denied a motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT JOHN KOUSCH, JR., Appellant.—

Memorandum: In 12 A D 2d 730 in a *coram nobis* proceeding, we directed a hearing on the question of whether, at the time of trial, the defendant was mentally able to understand and defend in accordance with subdivision 1 of section 1120 of the Penal Law. After such hearing the County Court of Jefferson County found that defendant was not incapacitated under the statute and refused to vacate the judgment of conviction. We find this determination to be against the weight of the evidence and therefore the judgment of conviction should be vacated. (See *People* v. *Boundy*, 10 N Y 2d 518.) (Appeal from order of Jefferson County Court denying defendant's application for writ of error *coram nobis*, after a hearing.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.