■ RONALD COX, Appellant, v CITY OF NEW YORK et al., Defendants, and HOWARD TYSON et al., Respondents.—In an action to recover damages for, *inter alia,* alleged wrongful eviction from an apartment, plaintiff appeals from an order of the Supreme Court, Kings County, entered July 15, 1974, which (1) granted a motion by defendants Tyson, English and Steers to dismiss the complaint as to them and (2) denied plaintiff's oral cross motion for summary judgment against said defendants. Order affirmed, without costs. No opinion. Hopkins, Brennan and Munder, JJ., concur; Rabin, Acting P. J., and Shapiro, J., dissent in part and vote to modify the order so as to sustain the complaint as to defendant Steers and otherwise to affirm the order, with the following memorandum: We believe that the complaint, as a pleading, sufficiently states a cause of action against defendant Steers. He is a clerk in the Housing Part of the Civil Court of the City of New York. Defendants Tyson and English are respectively the Chief Clerk of the Civil Court and the Chief Clerk of the Housing Part of the Civil Court. They, as well as Steers, are sought to be cast in damages because Steers issued a warrant of eviction of plaintiff as a tenant of premises 104 St. James Place, Brooklyn, New York, from which premises plaintiff was thereafter evicted by a city marshal. The dispossess petition referred to occupancy of premises at 104 St. Johns Place, in Brooklyn, *and the judgment of the court directed the issuance of a warrant of eviction from the premises* described in the petition. Under the circumstances, and there being no immunity statute to protect defendant Steers, the complaint sets forth a cause of action against him. However, the attempt to allege a cause of action against defendants Tyson and English on the theory that they did not adopt proper procedures to prevent an occurrence such as happened in this case must fail because there is no showing that they had any authority to promulgate any changes in existing procedures.