Memorandum. In this action plaintiff seeks to recover damages for wrongful eviction, conversion and "deprivation of constitutional rights under color of state law.” Defendants in the action include, in their individual capacity, Howard Tyson, Chief Clerk of the Civil Court of the City of New York, John English, Chief Clerk of the Housing Part of the Civil Court, and Winifred Steers, a clerk in the Housing Part of the Civil Court.
The issue posed to us is whether, since Steers issued a warrant of eviction which referred to an address that was different from the address referred to on the notice of petition and petition, Steers, as well as Tyson and English, may be held personally liable for damages for the wrongful eviction of plaintiff. To succeed in this action, it is obvious that plaintiff must show that he was not the person the landlord intended to evict and that he was evicted because the clerk issued a warrant of eviction for the wrong address. It is not enough for plaintiff to show that, had Steers issued a warrant of eviction for the same address as was referred to in the notice of petition and petition, the landlord would not have succeeded in evicting plaintiff.
Not only do the facts in the record fail to suggest that the wrong tenant was evicted, but the facts lead to the inescapable conclusion that the right tenant was evicted. Furthermore, with respect to plaintiff’s due process argument, plaintiff has not demonstrated or even alleged that he was not served with process at the correct address. Since the record establishes that the landlord intended to evict plaintiff and not some other person, the acts of Steers in issuing a warrant of eviction for plaintiff’s premises cannot be said to have resulted in a wrongful eviction of plaintiff. This is not to say that, in a particular case, a similar act by a clerk may not result in a wrongful eviction; it is merely to say that in the case before us the acts of Steers did not cause a wrongful eviction. Accordingly, we conclude that it is not necessary to reach the issue, *968 discussed in the courts below, of whether a clerk may be held personally liable for damages for a wrongful eviction. For the reasons stated, however, we concur in the result reached by Special Term which dismissed the complaint for failure to state a cause of action.
The order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.