■ KENNETH MARSHON, Respondent, v CITY OF NEW YORK et al., Appellants. — Order, Supreme Court, New York County (Kirschenbaum, J.), entered May 7, 1981, which denied the motions of defendants-appellants Malcolm, Commissioner of Correction of the City of New York, the Department of Correction of the city, the Sheriff of the city, and various court officers and clerks to dismiss the complaint for failure to assert a cause of action, and which granted the cross motion of plaintiff-respondent to add Al Ritter, a Family Court Clerk, as a party defendant, and which conditionally granted the motion of certain defendants-appellants to dismiss the complaint for failure to appear for examination, unanimously modified, on the law and the facts, to (1) grant the motions of defendants-appellants court clerks and court officers, and of defendants-appellants Commissioner of the Department of Correction of the City of New York and that department to dismiss the complaint as not asserting a cause of action against them; (2) and to deny the motion of defendant-appellant City of New York to dismiss the complaint on the ground of failure to appear for examination pursuant to section 50-h of the General Municipal Law; (3) and to deny the cross motion of plaintiff-respondent to add Al Ritter, a Court Clerk of the Family Court of the City of New York, as a party defendant; and otherwise to affirm, without costs and without disbursements. Having failed to comply with a Family Court order of support, and being in arrears, plaintiff was adjudged in contempt and sentenced to 90 days in jail. The commitment, unfortunately, was incorrectly drawn, addressed to "the Commissioner of Corrections." Under the applicable law, civil prisoners were to be committed to custody of the Sheriff. Plaintiff was confined after November 10, 1975, under the erroneous commitment, in criminal prisons until, after a habeas corpus hearing, he was ordered transferred to a civil jail. The original commitment was vacated and, under a new commitment, plaintiff was sent to the civil tier of the Queens House of Detention. Adjudged in contempt a second time, by Family Court, he was returned to the same facility. His complaint recites that the original commitment caused him to be confined improperly in a criminal prison wherein he was not segregated from criminals. But, even beyond the improper confinement as a result of the incorrect commitment order, plaintiff claims to be aggrieved by having been lodged in civil tier located in a criminal prison, with inadequate segregation from the criminal population. In short, he charges that the "civil tier" was actually not such at all but merely a designated portion of a criminal prison. While all of this flowed from the

original improper order the latter complaint of improper utilization of a part of the Queens House of Detention is considered separately for a brief moment. Certainly, the latter complaint states no cause against the court clerks or officers, who bear no individual responsibility for jail conditions. Even so, as to the entire period of confinement, this group of personnel enjoys immunity inclusive of responsibility for negligent effectuation of judicial instructions. (See *Cox v City*, 47 AD2d 942.) The Commissioner of Correction and his department, both being subordinate to the city under the chain of *respondeat superior*, have no individual responsibility fastened on them in the circumstances. No act either of them or, indeed, of any of the clerks or officers contributed to plaintiff's injury but all flowed almost relentlessly from the first original error in the commitment's draft, and this error, as has been said, has been immunized as far as individual clerks and officers are concerned. For the same reasons, we decline to distinguish Ritter, the Family Court Clerk, from the others and we do not authorize his importation into the litigation. But plaintiff still may pursue the cause he has against the city and the Sheriff. We do not dismiss as to defendant Sheriff. The allegation that he failed to take custody of, transport, detain, and incarcerate plaintiff, a civil prisoner, in the manner provided by statute, sufficiently asserts a cause of action. It is to be noted that our opening paragraph reverses Special Term's grant of the motion of defendant city to dismiss the complaint unless plaintiff submits to a section 50-h[*] examination. We do not regard this dereliction on plaintiff's part to be that serious as to justify such a sanction. Plaintiff, in not appearing for examination, apparently relied upon the advice of an employee of the Corporation Counsel that he need not appear until called. This is entirely credible since plaintiff's case would be founded almost entirely on documentary evidence and his examination should be surplusage. However, the Corporation Counsel is entitled to examine if he wishes, and may do so provided that it is scheduled on reasonable notice. In the event of nonappearance after such notice is given, defendant city may renew the motion to dismiss on that ground. Defendant city cannot, in the circumstances, be prejudiced by this delay in examination. Concur — Murphy, P. J., Markewich, Bloom and Milonas, JJ. Kupferman, J., concurs in the result only.