■ RICHARD GLOWINSKI, Appellant, v KENNETH BRAUN, as Sheriff of Erie County, et al., Respondents, et al., Defendants. — Order unanimously reversed, with costs, and motions denied. Memorandum: In this action for false arrest, the court erred in dismissing the complaint against Sheriff Braun. Although a Sheriff is not liable for the torts of his deputies while performing criminal functions, he is liable for their torts while performing civil functions (*Barr v County of Albany,* 50 NY2d 247, 257; *Isereau v Stone,* 3 AD2d 243). In executing the warrant of arrest issued pursuant to section 153 of the Family Court Act, the Sheriff's deputies were performing a civil function, since the Family Court proceeding in which the warrant was issued is a civil proceeding (Family Ct Act, § 812, subd 2, par [b]; *Sheridan v Major,* 15 AD2d 870; see, also, *Matter of Flaherty v Milliken,* 193 NY 564, 570; *Marshon v City of New York,* 88 AD2d 811, 812).

The court also erred in dismissing the complaint against Frank Boccio, Erie County Family Court Clerk. A public officer may be subject to liability for a wrongful act if that act is deemed ministerial rather than discretionary or quasijudicial in nature (see *Tango v Tulevech,* 61 NY2d 34, 41; *Santangelo v State of New York,* 101 AD2d 20). Here, the act alleged to have been negligently performed, failing to properly retire a warrant, does not involve the "exercise of reasoned judgment which could typically produce different acceptable results" (*Tango v Tulevech, supra,* p 41). Thus, the act in question must be considered ministerial (see *Waterman v State of New York,* 35 Misc 2d 954, 957, mod 19 AD2d 264, affd *sub nom. Williams v State of New York,* 14 NY2d 793). We find no support in the law for the statement by the court in *Marshon v City of New York* (88 AD2d 811, 812, *supra*) that a court clerk enjoys immunity for "negligent effectuation of judicial instructions." We note that the Court of Appeals in *Cox v City of New York* (40 NY2d 966) expressly declined to rule on the question. (Appeal from order of Supreme Court, Erie County, Stiller, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.