■ VINCENT S. STALTERI, Respondent, v COUNTY OF MONROE et al., Appellants, et al., Defendant. — Order unanimously reversed, on the law, without costs, and county defendants' motion granted. Memorandum: Plaintiff sued the county defendants and the Town of Webster alleging causes of action for false arrest, abuse of process and negligence based upon the arrest of plaintiff by a Monroe County deputy sheriff. Special Term erred in denying the motion to dismiss made by the county defendants pursuant to CPLR 3211 (subd [a], par 7). Since the arrest was made pursuant to a warrant valid on its face, there is no basis for an action for false arrest (see *Broughton v State of New York*, 37 NY2d 451, 456-457, cert den *sub nom. Schanbarger v Kellogg*, 423 US 929; *Saunsen v State of New York*, 81 AD2d 252) or abuse of process (see, generally, 1 NY Jur, Abuse of Process, § 3, pp 57-58; see, also, *Curiano v Suozzi*, 63 NY2d 113, 116-117; *Hauser v Bartow*, 273 NY 370, mot for rearg den 274 NY 489). Inasmuch as plaintiff's cause of action for negligence is based upon the arrest, he "may not recover under broad general principles of negligence * * * but must proceed by way of the traditional remedies of false arrest and imprisonment" (*Boose v City of Rochester*, 71 AD2d 59, 62). Moreover, the county is not liable for the acts of its Sheriff or his deputies (see NY Const, art XIII, § 13, subd [a]; *Wilson v Sponable*, 81 AD2d 1, app dsmd 54 NY2d 834; cf. *Barr v County of Albany*, 50 NY2d 247). We note also that the causes of action for false arrest and abuse of process are time barred (CPLR 215, subds 1, 3). Accordingly, the motion to dismiss by the county defendants must be granted and the complaint dismissed as to them. (Appeal from order of Supreme Court, Monroe County, Kennedy, J. — dismiss complaint.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.