■ GLEN L. SECARD, Respondent, v DEPARTMENT OF SOCIAL SERVICES OF THE COUNTY OF NASSAU et al., Appellants. [612 NYS2d 167] —In an action, *inter alia,* to recover damages for false arrest and imprisonment, the defendants appeal from an order of the Supreme Court, Nassau County (Brucia, J.), dated December 12, 1991, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and for summary judgment pursuant to CPLR 3212.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On December 9, 1985, the plaintiff was driving on the Southern State Parkway in Valley Stream, when two State Troopers stopped his vehicle for speeding. The plaintiff was

then transported to the police station, where a sobriety test revealed that he had been driving while impaired. The plaintiff alleges that despite the results of the sobriety test, he was about to be released from custody, with instructions to appear in court on a future date, when the arresting officers learned that an outstanding arrest warrant had been issued against him in conjunction with a 1984 paternity proceeding. The plaintiff was arrested pursuant to the bench warrant and remained in custody until the following morning.

The plaintiff subsequently commenced the instant action against the defendants, alleging that the negligence of the Nassau County Department of Social Services (hereinafter DSS) in maintaining its files proximately caused his improper detention by the police. The plaintiff alleged that the DSS files failed to reflect the fact that a prior paternity proceeding against him involving the same child had been dismissed "with prejudice", and that this omission led to the unlawful commencement of a second paternity proceeding against him in 1984. The defendants thereafter moved to dismiss the complaint, contending that the complaint failed to state a cause of action to recover damages for false arrest and imprisonment because the plaintiff had been arrested and detained by New York State Troopers and not by employees of the DSS. The Supreme Court denied the defendants' motion to dismiss, however, concluding that the plaintiff had pleaded a cognizable claim for recovery based on the defendants' negligence in maintaining their files, which resulted in the improper commencement of a duplicative paternity proceeding and the issuance of an erroneous bench warrant. We now reverse.

We agree with the defendants' contention that the plaintiff has failed to state a cause of action against them to recover damages for false arrest and imprisonment. In order to establish a cause of action to recover damages for false imprisonment, a plaintiff must establish, *inter alia,* that the defendant intended to confine him *(see, Broughton v State of New York,* 37 NY2d 451, 456, citing Restatement [Second] of Torts § 35). Since the plaintiff was concededly arrested and detained by New York State employees and not by employees of the defendants, it is clear that the defendants neither intended to confine him nor actually confined him. Accordingly, insofar as the plaintiff's claim seeks damages against the defendants predicated upon the tort of false arrest and imprisonment, it must be dismissed *(see, Broughton v State of New York, supra).*

Contrary to the plaintiff's contention, we further find that the complaint fails to state a legally cognizable cause of action

for recovery sounding in negligence. At bar, the plaintiff seeks damages for the injury occasioned to him because of the defendants' negligence in filing a second paternity petition against him, which allegedly resulted in his wrongful arrest and detention. However, a plaintiff seeking damages for an injury resulting from a wrongful arrest and detention " 'may not recover under broad general principles of negligence * * * but must proceed by way of the traditional remedies of false arrest and imprisonment' " *(Stalteri v County of Monroe,* 107 AD2d 1071, citing *Boose v City of Rochester,* 71 AD2d 59; *see also, Russo v Village of Port Chester,* 198 AD2d 408). Moreover, as a matter of public policy, there is no cause of action in the State of New York sounding in negligent prosecution *(see, Pandolfo v U.A. Cable Sys.,* 171 AD2d 1013; *Coyne v State of New York,* 120 AD2d 769, 770). Since the plaintiff's alleged cause of action is, in essence, predicated upon the defendants' negligent institution of a second paternity proceeding against him, it must be dismissed. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.