OPINION OF THE COURT
Donald J. Corbett, Jr., J.
The claim herein was filed on January 30, 1998, following *891 my order permitting a late claim pursuant to Court of Claims Act § 10 (6). The underlying cause of action commenced on August 13, 1996, when claimant was arrested, booked, strip searched, etc., for the alleged failure to have paid a fine and surcharge of $590. After some 20 hours in confinement, claimant was released from custody by Rochester City Court Judge Joseph D. Valentino, with the case adjourned to City Court Judge Teresa Johnson, who had originally issued the arrest warrant.
In City Court on August 19, 1996, Judge Johnson noted on the record that there had been a computer error, and that it appeared an arrest warrant had been issued in error as claimant had previously paid the fine and surcharge on August 22, 1995, and the same had not been marked down in the court’s records. All of the above-noted facts are not disputed and are deemed admitted for purposes of this motion. As I noted in my earlier decision permitting the late claim to be filed, the defendant’s putative culpability sounds in negligence in the court clerk’s failure to have correctly marked the court’s records to reflect claimant’s full payment.
Defendant now seeks summary judgment on the basis that a claimant may not recover in these circumstances under general theories of negligence, but rather must proceed under the formal theories of false arrest and imprisonment, which it argues may not be sustained where the arrest was privileged, to wit, made pursuant to a facially valid warrant.
To the extent that claimant presents a cause of action which sounds in false arrest/imprisonment, the motion must be granted and that part of the claim dismissed. The defendant is correct in that the Monroe County Sheriffs Department, the entity which actually effectuated claimant’s arrest and delivered her to the Rochester City Police Department, was operating under a facially valid warrant, for which most arrests (save perhaps for those procured through fraud or perjury by police officers) will be deemed privileged. Indeed, in my decision and order permitting the late claim, I considered the very question that is raised today. At that time the defendant argued that the arrest warrant was valid on its face, and thus privileged, and that an action sounding in false arrest could not be brought. My opinion then, and my opinion now, is that a “reading of the [claim] reveals one that sounds in negligence, with attendant damages, subject to proof at trial for Claimant’s arrest and detention, lost wages, etc.” I reject that part of *892 claimant’s opposition here which relies upon an argument that the City Court Judge lacked jurisdiction over claimant, hence the warrant was not valid (CPL 550.10, 1.20 [16]), and the defendant thus may not claim immunity by privilege. To do otherwise would require every arresting entity to look behind every warrant, clearly an untenable result. Nonetheless, I deny the defendant’s motion for summary judgment of the entire claim on other grounds.
The defendant compares this claim to Secard v Department of Social Servs. (204 AD2d 425), where the State Police arrested that plaintiff on a facially valid arrest warrant which had been issued when that defendant negligently filed a second paternity proceeding after a first such proceeding had been dismissed with prejudice. However, dismissal was granted primarily because the defendant itself did not effectuate the arrest and the plaintiff could not establish that he had been confined by that defendant, an essential element of false arrest. The Court in Secard (id.) thereafter observed that a plaintiff seeking damages for an injury resulting from a wrongful arrest and detention may not recover under broad general principles of negligence but must proceed by way of traditional remedies of false arrest and imprisonment, citing Stalteri v County of Monroe (107 AD2d 1071), Boose v City of Rochester (71 AD2d 59), and Russo v Village of Port Chester (198 AD2d 408).
In contrast to the Second Department’s holding in Secard (supra), I am persuaded by the Fourth Department’s reasoning in Glowinski v Braun (105 AD2d 1153, appeal dismissed 65 NY2d 637), decided well after Boose (supra), where retiring a warrant by a court clerk was deemed to be a ministerial act, and which was cited with approval by the Third Department in Davis v State of New York (257 AD2d 112, 115).
Glowinski (supra) is not inconsistent with the ruling by Honorable James P. King, now retired, in Borges v State of New York (claim No. 95896, Aug. 13, 1998), where that claimant’s arrest was not attributable to any negligence by court clerks, but may well have been the result of a Judge’s disposal of a case when he “negligently” failed to direct that an existing warrant be retired. Judge King properly found that that omission, occurring in the performance of those judicial duties, was immune from suit, but he implied that, were it not for “judicial immunity” and had the omission resulted from the act of nonjudicial personnel in the performance of clerical duties, liability would attach.
*893 This claim may also be contrasted as it does not stem from circumstances in which there is immunity from money damages against the State or its officers who perform judicial, quasi-judicial or discretionary functions, i.e., in the correctional system (Arteaga v State of New York, 72 NY2d 212), by the Parole Board (Tarter v State of New York, 68 NY2d 511) or by probation officers (Tango v Tulevech, 61 NY2d 34). Furthermore, this claim does not allege negligent prosecution or investigation by the arresting authority, a remedy that is unavailable as a matter of public policy (Pandolfo v U.A. Cable Sys., 171 AD2d 1013).
Indeed, I find the instant matter to be comparable to Wright v State of New York (claim No. 69510, Aug. 15, 1986), where I awarded damages to a claimant arising out of the failure of the Clerk of the Rochester City Court (Criminal Branch) to properly credit the payment of a court-ordered mandatory surcharge. That negligence resulted in the issuance of a bench warrant, and, ultimately, after an arrest on an unrelated charge, to an added period of detention. In Wright (supra), consistent with the Second Department’s holding in Secard (supra), I found that false arrest/imprisonment would not lie, and that malicious prosecution also failed, because malice, an essential element (see Broughton v State of New York, 37 NY2d 451, 457-458, cert denied sub nom. Schanbarger v Kellogg, 423 US 929), was not pleaded nor could it be implied or inferred (Nardelli v Stamberg, 44 NY2d 500, 502). Liability attached in Wright because of the defendant’s negligent failure to perform a ministerial act.
My determination here is not inconsistent with the Court of Appeals’ recent examination of the question of municipal ministerial neglect in Lauer v City of New York (95 NY2d 95). It is instructive to apply to the issues at bar those considerations which the Court of Appeals reiterated.
First, the Lauer Court observed that a ministerial breach by a governmental employee, as we have here, merely removes the issue of governmental immunity, but is not necessarily tortious (see, Tango v Tulevech, supra, 61 NY2d, at 40). It is clear that the duty breached must be more than that owed the public generally, or a breach of the duty to use due care for the benefit of particular persons or classes of persons (Lauer, id., at 100-101).
The Court of Appeals then addressed the criteria of a duty to a claimant derived from a “special relationship,” which requires:
*894 “ ‘(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality’s agents that inaction could lead to harm; (3) some form of direct contact between the municipality’s agents and the injured party; and (4) that party’s justifiable reliance on the municipality’s affirmative undertaking’ (Cuffy v City of New York, 69 NY2d 255, 260).” (Lauer v City of New York, 95 NY2d 95,102, supra.)
Applying the undisputed facts at bar to these criteria seriatim, here (1) there is the assumption by court personnel, through the acceptance of the payment of the fine and surcharge at the bail office of the Rochester City Court, of the duty to mark the payment thereof on claimant’s behalf upon the record of court activity (putatively referred to as the tracker); (2) it is inherently obvious that court personnel have the knowledge of the consequences of failing to pay, or failing to note the payment of, a fine and surcharge, to wit, the issuance of an arrest warrant; (3) there was direct contact between the court clerk who accepted the payment and the claimant who made the payment;* and (4) claimant’s justifiable reliance that the payment of her fine and surcharge had been duly marked on the court’s records. Indeed, in what might be described as an overabundance of caution but without any practical benefit, claimant had in her possession and provided to the police officer at the time of her arrest, the receipt reflecting the payment.
While the Lauer Court found that the requirements were not met there, the facts here dictate a finding to the contrary. This will not grossly expand the law, a fear expressed by the majority in Lauer, and open the floodgates of municipal liability. In so finding, I am fully cognizant of the foreboding of the Court of Appeals not to fall into the trap of embracing sympathetic facts, and I am mindful of the precedential and consequential effect of this ruling, as I was in the Wright case (supra). Furthermore, Judge Leonard D. Wexler, in his December 20, 2000 ruling in Mason v Village of Babylon (124 F Supp 2d 807 [ED NY]), while dismissing most of a civil rights suit alleging, inter alia, violation of the Constitution for the failure to have *895 recalled an existing arrest warrant after a fine had been paid (as contrasted to the claim at bar where the fine was paid before an arrest warrant was issued), because proof of a onetime-only negligent act was insufficient to establish municipal liability rising to the level of unconstitutional acts, specifically declined to exercise pendent jurisdiction over any State law claims against those defendants. It is significant to note that Judge Wexler was considering whether there existed continuing adherence to an approach that consistently resulted in unconstitutional acts sufficient to establish such deliberate indifference as to trigger municipal liability, and implied that such remedy would be available in State courts.
I deny the defendant’s motion for summary judgment with respect to the cause of action sounding in ministerial negligence for the reasons noted above. Indeed, in a motion for summary judgment pursuant to CPLR 3212 (b), where all the material facts are recited and where it appears that the cause of action has been established, judgment may be directed to the non-moving party. Here the facts alleged in the claim (a verified pleading is the equivalent of an affidavit [CPLR 105 (u)]) are not controverted, and the ministerial neglect of the court clerk is established through the pleadings, and liability by the defendant is established.
Accordingly, the defendant’s motion with respect to the causes of action sounding in false arrest/imprisonment is granted. I grant partial summary judgment as to liability for ministerial neglect in favor of the claimant, and direct that this matter be scheduled for a trial on the issue of damages.

 It is not expressly noted in the papers before me whether the claimant or her attorney actually proffered the payment. Even if it were her attorney, acting as her legal representative and agent, I find such to be sufficient to meet the court’s condition of “some form of direct contact.”