OPINION OF THE COURT
Per Curiam.
The operative facts are not seriously disputed. On April 30, 1995, at approximately 12:20 a.m., the defendant police officer, detecting “unreasonabl [y] ” loud music emanating from a car driven by plaintiff, issued , plaintiff a summons for violating local noise regulations (see, Administrative Code of City of NY § 24-220 [a]). Although the officer prepared and intended to issue a Criminal Court summons directing plaintiffs court appearance on a specified date (see, CPL 130.10), the officer mistakenly served plaintiff with a copy of a parking violation summons, erroneously indicating that the summons could be contested by mail. A warrant was issued upon plaintiffs failure to appear (see, CPL 130.50) and, on January 18, 1997, plaintiff was arrested on the warrant, strip searched, and incarcerated for several days until the underlying Administrative Code charge was dismissed in Criminal Court.
Upon the trial of the ensuing damages action, the jury awarded plaintiff a recovery against the municipal defendants on two separate legal theories, common-law negligence and deprivation of civil rights under 42 USC § 1983. The trial court, while denying defendants’ CPLR 4404 motion to set aside the jury’s statutory civil rights award (a determination unchallenged by defendants), granted defendants’ motion to vacate the jury’s negligence verdict, holding that the defendant police officer’s “mistake” in serving plaintiff with the wrong form of summons was insufficient to impose negligence liability upon defendants. Plaintiff now appeals* and we affirm.
Where, as here, a claim is made that a municipality has negligently exercised a governmental function, liability turns *811 upon the existence of a special duty to the injured person, in contrast to a general duty owed to the public (see, Lauer v City of New York, 95 NY2d 95, 100; Garrett v Holiday Inns, 58 NY2d 253, 261). We agree with the trial court that there is no reasonable view of the evidence supporting a conclusion that the defendant police officer, in connection with his brief street encounter with plaintiff, owed or voluntarily assumed a special duty to plaintiff beyond that generally associated with the officer’s routine law enforcement function. A police officer’s obligations to investigate criminal activity, to locate and apprehend criminal suspects, and to facilitate the filing of appropriate charges in connection with such criminal investigations create nothing more than a generalized duty owed to the public at large and, absent any affirmative promise or undertaking not shown on this record, are not intended to benefit or, more accurately here, to avoid injury to any particular persons or classes of persons. In the absence of a competent showing that plaintiff was owed a special duty, his negligence cause of action is not legally sustainable, and this even accepting plaintiff’s contention that the service of a summons, as opposed to its issuance, is purely ministerial (cf., Ford Motor Credit Co. v State of New York, 133 AD2d 980).
“Despite often sympathetic facts in a particular case before them, courts must be mindful of the precedential, and consequential, future effects of their rulings, and ‘limit the legal consequences of wrongs to a controllable degree’.” (Lauer v City of New York, supra, 95 NY2d at 100 [citations omitted].) To the extent that Ostrowski v State of New York (186 Misc 2d 890) can be read to support an extension of municipal liability to the facts here presented, we decline to follow it.
McCooe, J. (concurring). I agree with the result but on a different theory. The legal issue is whether a cause of action in negligence lies under this state of facts. In Secard v Department of Social Servs. (204 AD2d 425, 427 [2d Dept 1994]), the Court held that a plaintiff cannot recover on a negligence theory for what traditionally is a false arrest cause of action. (See also, Antonious v Muhammad, 250 AD2d 559 [2d Dept 1998], lv dismissed 92 NY2d 913 [1998].) In Higgins v City of Oneonta (208 AD2d 1067, 1069 [3d Dept 1994], lv denied 85 NY2d 803 [1995]) and in Heath v State of New York (229 AD2d 912 [4th Dept 1996]), those Courts reached the same conclusion. There is no First Department case in point.
The only appellate decision in point cited by the plaintiff is *812 Glowinski v Braun (105 AD2d 1153 [4th Dept 1984], appeal dismissed 65 NY2d 637 [1985]) which reached a different conclusion in allowing a negligence cause of action against a court clerk. Glowinski is not distinguishable from Heath (supra), which is a later Fourth Department case that never referred to Glowinski.
The Court in Lauer v City of New York (95 NY2d 95, 100 [2000]) in dismissing the plaintiffs claim stated that “[C]ourts must be mindful of the precedential, and consequential, future effects of their rulings.” The plaintiff is seeking to extend the traditional sphere of municipal duty by creating a new theory of recovery in a false arrest case where none previously existed.
The judgment should be affirmed.
Parness, P.J., and Gangel-Jacob, J., concur; McCooe, J., concurs in a separate memorandum.

 Plaintiff does not argue on appeal that the defendant police officer lacked probable cause to issue him a summons for the underlying Administrative Code violation or that issuance of a summons was otherwise improper. Further, plaintiff now concedes, as he must, that the arrest warrant issued upon his nonappearance was “facially valid” and that, in consequence, he cannot properly pursue a cause of action for false arrest or false imprisonment.