■ Paul Galatowitsch et al., Appellants, v New York City Gay & Lesbian Anti-Violence Project, Inc., Respondent. [766 NYS2d 206]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered September 19, 2002, dismissing the complaint, brought up for review pursuant to CPLR 5501 (c) by plaintiffs' appeal from the underlying order, same court and Justice, entered August 2, 2002, granting defendant's motion pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs. Appeal from the aforesaid underlying order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

While the circumstances giving rise to this action are tragic and plaintiffs have suffered greatly, the motion court properly concluded that the complaint, which essentially alleges that plaintiffs were negligently prosecuted, fails to state a cognizable claim for relief (*see Secard v Department of Social Servs.* 204 AD2d 425, 427 [1994]; *and see e.g. Jestic v Long Is. Sav. Bank*, 81 AD2d 255 [1981]). Because plaintiffs' injuries resulted from prosecution or the threat of prosecution, plaintiffs "may not recover under broad general principles of negligence" (*Secard*, 204 AD2d at 427 [internal quotation marks omitted]); instead, their remedy, if any against defendant, was a malicious prosecution suit. Plaintiffs may not circumvent the requirements and short statute of limitations for malicious prosecution by labeling their claims as ones for "negligence" (*see e.g. Berger v Lowden*, 1997 WL 170823, *2-3, 1997 US Dist LEXIS 4516, *6-7 [SD NY, Apr. 10, 1997]). Concur—Nardelli, J.P., Mazzarelli, Andrias, Sullivan and Lerner, JJ.