In an action, inter alia, to recover damages for intentional infliction of emotional distress and negligence, the plaintiff appeals from stated portions of an order of the Supreme Court, Nassau County (Parga, J), dated January 20, 2011, which, inter alia, granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging negligence.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
The Supreme Court properly granted that branch of the defendants’ motion which was to dismiss the cause of action alleging negligence. A plaintiff seeking damages for an injury resulting from a wrongful arrest and detention may not recover, as here, under broad general principles of negligence, but must proceed by way of the traditional remedies of false arrest and imprisonment, which he has done. Those causes of action are not before us on this appeal (see Johnson v Kings County Dist. Attorney’s Off., 308 AD2d 278, 285 [2003]; Heath v State of New York, 229 AD2d 912, 912-913 [1996]; Secard v Department of Social Servs. of County of Nassau, 204 AD2d 425, 427 [1994]; Stalteri v County of Monroe, 107 AD2d 1071, 1071 [1985]; Boose v City of Rochester, 71 AD2d 59, 62 [1979]). To the extent that the complaint contained other allegations of negligence not related to the plaintiffs arrest and imprisonment, such allegations were insufficient to constitute any other cognizable cause of action against the defendants (see Donald v State of New York, 17 NY3d 389, 395 [2011]; Mon v City of New York, 78 NY2d 309, 314-315 [1991]; Santoro v Town of Smithtown, 40 AD3d 736, 738 [2007]; see also McLean v City of New York, 12 NY3d 194, 199 [2009]; Euell v Incorporated Vil. of Hempstead, 57 AD3d 837, 838 [2008]; Dixon v Village of Spring Val., 6 AD3d 489, 490 [2004]).
The plaintiff’s remaining contentions are without merit. Rivera, J.E, Chambers, Roman and Miller, JJ., concur.