Fludd v City of New York (2021 NY Slip Op 06344)





Fludd v City of New York


2021 NY Slip Op 06344


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-10095
 (Index No. 4543/14)

[*1]Karen Fludd, etc., respondent,
v
City of New York, et al., appellants, et al., defendant.


Georgia M. Pestana, Corporation Counsel, New York, NY (Claude S. Platton and Jane L. Gordon of counsel), for appellants.
Maggiano DiGirolamo & Lizzi, P.C., New York, NY (Michael Lizzi of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for assault, use of excessive force, false arrest, civil rights violations pursuant to 42 USC § 1983, and wrongful death, etc., the defendants City of New York, New York City Police Department, Police Officers John DeLeon, Daniel Badillo, MD Ahammed, Faisal Harun, Christopher M. Spicer, Marc P. Edelstein, Randy C. Paulsaint, and Alberto Valentin, Lieutenant Micha McKenzie, and Sergeant Samuel Negon appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated August 17, 2017. The order denied those defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them, or, in the alternative, for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendants City of New York, New York City Police Department, Police Officers John DeLeon, Daniel Badillo, MD Ahammed, Faisal Harun, Christopher M. Spicer, Marc P. Edelstein, Randy C. Paulsaint, and Alberto Valentin, Lieutenant Micha McKenzie, and Sergeant Samuel Negon which was pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging civil rights violations pursuant to 42 USC § 1983, negligence, and negligent hiring, training, and retention insofar as asserted against them, and that branch of those defendants' motion which was for summary judgment dismissing the causes of action alleging assault, battery, use of excessive force, false arrest, false imprisonment, injury to reputation, intentional infliction of emotional distress, and wrongful death insofar as asserted against them are granted.
In March 2014, the plaintiff, the mother of the decedent, Deion Fludd (hereinafter the decedent), commenced this action against, among others, the defendants City of New York, New York City Police Department, Police Officers John DeLeon, Daniel Badillo, MD Ahammed, Faisal Harun, Christopher M. Spicer, Marc P. Edelstein, Randy C. Paulsaint, and Alberto Valentin, Lieutenant Micha McKenzie, and Sergeant Samuel Negon (hereinafter collectively the defendants), to recover damages for personal injuries arising out of the death of the decedent, a 17-year-old boy who was injured in a subway tunnel near the Rockaway Avenue Station in Brooklyn after fleeing from the police, and who died two months later. The plaintiff asserted causes of action alleging assault, battery, use of excessive force, false arrest, false imprisonment, intentional infliction of [*2]emotional distress, injury to reputation, negligence, negligent hiring, training, and retention, civil rights violations pursuant to 42 USC § 1983, and wrongful death.
The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them, or, in the alternative, pursuant to CPLR 3212 for summary judgment dismissing the amended complaint insofar as asserted against them. The plaintiff opposed the defendants' motion. In an order dated August 17, 2017, the Supreme Court denied the defendants' motion. The defendants appeal. We reverse.
The defendants made a prima facie showing of their entitlement to judgment as a matter of law dismissing the causes of action alleging assault, battery, and use of excessive force insofar as asserted against them by submitting evidence that the decedent's injuries resulted from a train accident and not from any physical contact with him by any of the defendants (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The defendants also established through, inter alia, the uncontested affidavits of various defendants that none of the officers continued to pursue the decedent after he ran onto the subway tracks and into the subway tunnel. In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). Even if some or all of the decedent's statements fell within the excited utterance exception to the rule against hearsay (see People v Cotto, 92 NY2d 68, 79; People v Brooks, 71 NY2d 877, 878; People v Brown, 70 NY2d 513, 520-521), or were sufficiently corroborated to be considered in opposition to the defendants' motion (see Merriman v Integrated Bldg. Controls, Inc., 84 AD3d 897, 898-899; see generally Phillips v Kantor & Co., 31 NY2d 307, 310), the plaintiff did not show that any of the defendants were involved in or even present during the alleged assault on the decedent (see Zuckerman v City of New York, 49 NY2d at 562). Thus, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing those causes of action insofar as asserted against them.
The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging false arrest and false imprisonment insofar as asserted against them. The existence of probable cause constitutes a complete defense to such causes of action (see Broughton v State of New York, 37 NY2d 451, 458; Ball v Miller, 164 AD3d 728, 729). Here, the defendants established, prima facie, that the police officers had probable cause to arrest the decedent by submitting evidence that the police officers had observed both the decedent and his girlfriend enter the subway through the subway turnstile, but only one paid the fare (see People v Williams, 192 AD3d 562, 563; see also Brown v City of New York, 192 AD3d 963, 967). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging injury to reputation and intentional infliction of emotional distress insofar as asserted against them. The plaintiff failed to raise a triable issue of fact in opposition to the defendants' prima facie showing of their entitlement to judgment as a matter of law. The speculation proffered by the plaintiff is insufficient to withstand summary judgment (see Zuckerman v City of New York, 49 NY2d at 562).
The Supreme Court also should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the negligence cause of action insofar as asserted against them (see Ray v County of Nassau, 100 AD3d 854, 854; Santoro v Town of Smithtown, 40 AD3d 736, 738). In addition, given the defendants' admission, in their answer, that the police officers were acting within the scope of their employment at all relevant times, the court should have granted that branch of the defendants' motion which was to dismiss the cause of action alleging negligent hiring, training, and retention insofar as asserted against them (see Ambroise v United Parcel Serv. of Am., Inc., 143 AD3d 929, 931; see also Ashley v City of New York, 7 AD3d 742, 743).
The Supreme Court also should have directed dismissal of the causes of action alleging civil rights violations pursuant to 42 USC § 1983 insofar as asserted against the defendants. [*3]To hold a municipality liable under 42 USC § 1983 for the conduct of employees below the policymaking level, a plaintiff must show that the violation of his or her constitutional rights resulted from a municipal custom or policy (see Monell v New York City Dept. of Social Servs., 436 US 658, 694). Here, the plaintiff's broad and conclusory allegations are insufficient to state a claim under 42 USC § 1983 (see Brown v City of New York, 192 AD3d at 965-966; Pang Hung Leung v City of New York, 216 AD2d 10, 11). Moreover, where municipal liability is based on a failure to train employees, "the inadequate training must 'reflect[ ] deliberate indifference to . . . constitutional rights'" (Hawthorne v County of Putnam, 492 F Supp 3d 281, 292, quoting City of Canton, Ohio v Harris, 489 US 378, 392; see Mays v City of Middletown, 70 AD3d 900, 903). Here, the plaintiff's allegations of inadequate training and lack of proper supervision are conclusory and, as such, are insufficient to allege municipal liability (see Thomas v City of New York, 154 AD3d 417, 418; Saidin v Negron, 136 AD3d 458, 459).
Moreover, as the defendants established, prima facie, the absence of a wrongful act or neglect on their part by which the decedent's death was caused, and the plaintiff failed to raise a triable issue of fact in that regard, the Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the wrongful death cause of action insofar as asserted against them (see Meroni v Holy Spirit Assn. for Unification of World Christianity, 119 AD2d 200, 207).
Accordingly, the Supreme Court should have directed dismissal of the amended complaint insofar as asserted against the defendants.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, J.P., AUSTIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court