■ GLORIA REYES, Appellant, v CITY OF NEW YORK et al., Respondents. [722 NYS2d 17] —Order of the Appellate Term of the Supreme Court, First Department, entered April 21, 1999, which, in an action for personal injuries sustained in a trip and fall allegedly caused by a sidewalk obstruction, insofar as appealable pursuant to an order of this Court granting leave to appeal, affirmed an order of the Civil Court (Carol Arber, J.), entered on or about September 9, 1997, *inter alia*, dismissing the complaint as against defendants City of New York and Metropolitan Transportation Authority (MTA) for noncompliance with General Municipal Law § 50-e, and denying plaintiff leave to amend her notice of claim and complaint, unanimously affirmed, without costs.

Plaintiff's notice of claim incorrectly identified the accident site as 125th Street and Lexington Avenue in Manhattan, when, in fact, it was 125th Street and Park Avenue, as plaintiff first asserted in a supplemental bill of particulars served in this action almost four years after her service of the notice of claim. Defendants had conducted an investigation of the incorrect site some six months after service of the notice of claim, and neither plaintiff's vague General Municipal Law § 50-h hearing testimony taken some four months after service of the notice of claim, nor the obscure photographs produced thereat, offered any assistance in identifying the correct location of the accident, and indeed tended to expand the possible locations of the accident rather than narrow them. We also note plaintiff's failure to respond to the City's formal request, made one month after service of the notice of claim, for supplemental information regarding the precise location of the accident. Under the circumstances, defendants City and MTA would be prejudiced were plaintiff allowed to amend her notice of claim and complaint so as to allege the correct location of the accident, and, accordingly, the action was properly dismissed as against them (*see, Nieves v City of New York*, 262 AD2d 32). Metro-North's request for leave to appeal from the Appellate Term's order having been denied, we decline to address its appellate contentions. Concur—Nardelli, J. P., Ellerin, Wallach, Buckley and Friedman, JJ.