■ ESTHER RODRIGUEZ, Public Administrator of the County of Bronx, as Administratrix of the Estate of SYLVIA QUILES, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. [832 NYS2d 13]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered July 18, 2005, which granted defendants' motion and cross motion to dismiss the complaint, unanimously affirmed, without costs.

A notice of claim must provide sufficient information as to location (General Municipal Law § 50-e [2]) so that governmental authorities have an adequate opportunity to investigate (*Teresta v City of New York*, 304 NY 440, 443 [1952]; *Edgehill v City of New York*, 260 AD2d 597 [1999]). Housing Authority investigators were unable to locate the place of the alleged occurrence from the description in the notice of claim. Prejudice is established where a municipal defendant is "able to show that it actually conducted a timely investigation at the wrong site due to the erroneous description" (*Williams v City of New York*, 229 AD2d 114, 117 [1997]). Here, the notice of claim incorrectly identified the accident site, the injured plaintiff's General Municipal Law § 50-h testimony was "vague," and the "obscure" photographs provided by her two years after service of the notice of claim failed to provide any assistance in identifying the location. Under such circumstances, dismissal of the complaint was appropriate (*Reyes v City of New York*, 281 AD2d 235 [2001]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.