ARLEEN GUNZBURG, Appellant-Respondent, v QUALITY BUILDING SERVICES CORP., Respondent, and A/R RETAIL LLC et al., Respondents-Appellants, et al., Defendant. [26 NYS3d 274]—

Order, Supreme Court, New York County (Louis B. York, J.), entered June 27, 2014, which granted defendants Quality Building Services Corp.'s (QBS) and A/R Retail LLC, Related Urban Development LP and Related Urban Management Company's (the Related defendants) motions for summary judgment dismissing the complaint as against them, denied plaintiff's cross motion for partial summary judgment, and denied the Related defendants' cross motion for summary judgment on their cross claim against defendant QBS for contractual indemnification, unanimously modified, on the law, to grant the Related defendants' motion as to contractual indemnification, and otherwise affirmed, without costs.

QBS and the Related defendants established prima facie that they did not have constructive notice of the alleged dangerous condition on which plaintiff slipped and fell. "The fact that it was raining and water was being tracked in does not constitute notice of a dangerous situation"; QBS and the Related defendants "were under no obligation . . . to continuously mop up all tracked-in water" (see Garcia v Delgado Travel Agency, 4 AD3d 204, 204 [1st Dept 2004]; see also Thomas v Boston Props., 76 AD3d 460, 461 [1st Dept 2010]). Moreover, plaintiff's own testimony established that the water on which she slipped was not visible and apparent and therefore could not provide constructive notice (see Gomez v J.C. Penny Corp., Inc., 113 AD3d 571, 572 [1st Dept 2014]). Plaintiff testified that, despite looking at the floor where she was walking, it was not until after she fell that she was able to discern the wet spots on the floor, which she described as clear droplets in a small area less than two feet in diameter that were "hard to have seen . . . when I was standing up." Plaintiff failed to raise a triable issue of fact whether the accumulating rain water was a recurrent condition (see Irizarry v 15 Mosholu Four, LLC, 24 AD3d 373 [1st Dept 2005]). Plaintiff is not entitled to spoliation sanctions, since she failed to show that she was prejudiced by the lack of any of the items allegedly

lost or destroyed (*see Lane v Fisher Park Lane Co.*, 276 AD2d 136, 138-139 [1st Dept 2000]).

The indemnification clause in QBS's contract with the Related defendants required it to indemnify the Related defendants for any claims, losses, proceedings, etc., "arising from, related to or in connection with," inter alia, QBS's services or failure to provide the services. Thus, the Related defendants are entitled to contractual indemnification from QBS. QBS's argument that the indemnification provision was superseded by a more restrictive provision that applies here is unpreserved (*see Gyabaah v Rivlab Transp. Corp.*, 129 AD3d 447 [1st Dept 2015]). Concur—Acosta, J.P., Renwick, Andrias and Moskowitz, JJ.