■ SALVINO CATAUDELLA et al., Appellants, v 17 JOHN STREET ASSOCIATES, LLC, et al., Respondents. [35 NYS3d 917]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered February 17, 2015, which, to the extent appealed from as limited by the briefs, granted defendant Big Tom Inc./ The Irish American's (defendant) motion for summary judgment dismissing the complaint as against it, and denied plaintiffs' cross motion for spoliation sanctions, unanimously affirmed, without costs.

Supreme Court properly dismissed the complaint, as defendant satisfied its initial burden on summary judgment by establishing, prima facie, that any alleged defect in the stairway at issue and/or in its premises lighting was not a proximate cause of plaintiff's accident, and plaintiff failed to raise a triable issue of fact relating his accident and injuries to either.

The court properly declined to consider the errata sheet even though it was timely served, because plaintiff made changes to his testimony without explaining why he was making them, as required by CPLR 3116 (a) (see Garcia v Stickel, 37 AD3d 368 [1st Dept 2007]).

The court also properly denied the cross motion for spoliation sanctions. Plaintiff failed to specify a particular defect that caused him to fall, and even if defendant should have maintained its video footage of the subject staircase, plaintiff cannot establish that the failure to preserve it left him "prejudicially bereft of appropriate means to [present] a claim with incisive evidence," as required for the imposition of sanctions (*Masciotta v Morse Diesel Intl.*, 303 AD2d 309, 313 [1st Dept 2003] [internal quotation marks omitted]; *see Gunzburg v Quality Bldg. Servs. Corp.*, 137 AD3d 424, 424-425 [1st Dept 2016]). Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.