■ LENNON THOMAS, Respondent, v CITY OF NEW YORK et al., Appellants. [62 NYS3d 97]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered December 18, 2014, which, insofar as appealed from as limited by the briefs, granted plaintiff's cross motion for leave to amend the complaint to substitute the name of the arresting office for John Doe Officer #1 and to add a claim under 42 USC § 1983, unanimously reversed, on the law and the facts, without costs, and the motion denied. The Clerk is directed to enter judgment dismissing the complaint.

Contrary to plaintiff's contention, the record is adequate to allow for review of the issues on appeal.

The motion court improperly granted plaintiff leave to amend the complaint to add the claim under 42 USC § 1983, because the three-year statute of limitations on that claim (*see Veal v Geraci*, 23 F3d 722, 724 [2d Cir 1994]) had expired by the time plaintiff sought amendment, in August 2014. Application of the relation back doctrine is not warranted since plaintiff failed to comply with the condition precedent to suit by serving a timely notice of claim (General Municipal Law § 50-e [1]), and therefore there is no "valid preexisting action" to which to relate the amendment back (*see Southern Wine & Spirits of Am., Inc. v Impact Envtl. Eng'g, PLLC*, 80 AD3d 505 [1st Dept 2011]). Whether this condition precedent would have been met had the original complaint included a claim for malicious prosecution in addition to the false-arrest-related claims is irrelevant, since no such claim was asserted.

Substitution of Crockwell via the relation back doctrine is also improper because Crockwell is not "united in interest" with the City of New York, the original defendant (CPLR 203 [b]). The City cannot be held vicariously liable for its employees' violations of 42 USC § 1983, and there is no unity of interest in the absence of a relationship giving rise to such vicarious liability (*see Higgins v City of New York*, 144 AD3d 511, 512-513 [1st Dept 2016]). Nor can plaintiff demonstrate that, but for an excusable mistake as to the proper parties' identities, he would have brought the action against Crockwell, since he knew before the statute of limitations expired that Crockwell was the arresting officer (*see Crawford v City of New York*, 129 AD3d 554, 555 [1st Dept 2015]).

In addition, the proposed 42 USC § 1983 claim is palpably insufficient as a matter of law (*see Thompson v Cooper*, 24 AD3d 203, 205 [1st Dept 2005]). Plaintiff failed to allege adequately that the claimed deprivation of his constitutional rights was caused by a "governmental custom, policy, or usage" (*see Jones v Town of E. Haven*, 691 F3d 72, 80 [2d Cir 2012], *cert denied* 571 US —, 134 S Ct 125 [2013]). His allegations of wrongful hiring and training are conclusory (*see Saidin v Negron*, 136 AD3d 458 [1st Dept 2016], *lv dismissed* 28 NY3d 1069 [2016]; *see also Canton v Harris*, 489 US 378, 390-392 [1989]; *Segal v City of New York*, 459 F3d 207, 219 [2d Cir 2006]). His allegation that police officers were encouraged to make arrests without concern for their validity, while less conclusory, is nevertheless inadequate, because there is no allegation linking that alleged unconstitutional custom or

practice to his arrest. Plaintiff alleges that the arrest was prompted by (false) accusations by as many as two complainants of kidnapping and harassment, but he does not allege that the police knew or had reason to know that these accusations were false. Concur—Sweeny, J.P., Moskowitz, Kahn and Gesmer, JJ.