Diaz v City of New York (2018 NY Slip Op 02419)





Diaz v City of New York


2018 NY Slip Op 02419


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Richter, J.P., Manzanet-Daniels, Andrias, Kapnick, Webber, JJ.


6214N 301016/10

[*1] Migdalia Diaz, as Administratrix of the Estate of Felix Colon, deceased, Plaintiff-Respondent, 
v
City of New York, et al., Defendants-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Devin Slack of counsel), for appellants.
Sonin & Genis, Bronx (Robert J. Genis of counsel), for respondent.



Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered August 8, 2016, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to amend the complaint to substitute the names of the arresting officers for John Doe and James Roe, unanimously reversed, on the law, without costs, and the motion denied.
The motion court erred in granting plaintiff leave to amend her complaint and substitute the officers' names under the relation back doctrine, because the officers are not "united in interest" with the City of New York, the original defendant (see Thomas v City of New York, 154 AD3d 417 [1st Dept 2017]; Higgins v City of New York, 144 AD3d 511 [1st Dept 2016]). Moreover, plaintiff failed to show that the failure to name defendants was a mistake (see Buran v Coupal, 87 NY2d 173, 181 [1995]; Garcia v New York-Presbyt. Hosp., 114 AD3d 615, 616 [1st Dept 2014]). Further, as for those claims where plaintiff was unaware of the officers' identities prior to the statute of limitations running, she failed to show that she conducted a diligent inquiry into the actual identities of the intended defendants before the expiration of the statutory period (see Goldberg v Boatmax://, Inc., 41 AD3d 255, 256 (2007); Holmes v City of New York, 132 AD3d 952 [1st Dept 2015]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK