Carrero v New York City Hous. Auth. (2018 NY Slip Op 04660)





Carrero v New York City Hous. Auth.


2018 NY Slip Op 04660


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Richter, J.P., Tom, Mazzarelli, Gesmer, Moulton, JJ.


6953 301282/16

[*1]Justina Carrero, Plaintiff-Appellant,
v
The New York City Housing Authority, Defendant-Respondent.


Becker & D'Agostino, P.C., New York (Robert D. Becker of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York (Patrick J. Lawless) of counsel), for respondent.



Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered on or about May 9, 2017, which granted defendant's motion to dismiss the complaint and to strike plaintiff's errata sheet purporting to correct the transcript of her General Municipal Law § 50-h hearing testimony, and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, without costs.
Supreme Court correctly struck plaintiff's errata sheet purporting to correct the transcript of her General Municipal Law § 50-h hearing testimony, because plaintiff made numerous substantive changes to the testimony without providing a sufficient explanation for them (CPLR 3116[a]; see e.g. Cataudella v 17 John St. Assoc., LLC, 140 AD3d 508 [1st Dept 2016]; Torres v Board of Educ. of City of N.Y., 137 AD3d 1256 [2d Dept 2016]).
The court properly granted defendant's motion to dismiss the complaint because defendant did not have sufficient notice of the cause of the incident before plaintiff commenced this action. Neither plaintiff's inconsistent statements and testimony after service of the notice of claim, nor the ambiguous photographs produced, offered any assistance in identifying the cause of the accident (see Reyes v City of New York, 281 AD2d 235 [1st Dept 2001]; Rodriguez v City of New York, 38 AD3d 268 [1st Dept 2007]).
The court providently exercised its discretion in denying plaintiff leave to amend the complaint since defendant would be prejudiced.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK