| |
|---|
| **Smith v City of New York** |
| 2024 NY Slip Op 31532(U) |
| April 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160575/2019 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. HASA A. KINGO | PART | 05M |

*Justice*

-----------------------------------------------------------------------------------X

CYRESS SMITH,

                            Plaintiff,

              - v -

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT DEPUTY CHIEF JOHN COSGROVE

                          Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160575/2019 |
| MOTION DATE | 12/01/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41

were read on this motion to/for                 JUDGMENT - SUMMARY        .

      Plaintiff Cyress Smith ("Plaintiff"), a retired employee of the New York City Police Department (NYPD), commenced this action against Defendants the City of New York and New York City Police Department Chief John Cosgrove (collectively, "Defendants") alleging that Defendants discriminated against him based on his purported disability in violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107 et seq.. This action was commenced after the dismissal of Plaintiff's federal action in the United States District Court for the Southern District of New York (federal action), *Smith v. City of New York*, 385 F. Supp. 3d 323 (S.D.N.Y. 2019), in which Plaintiff's exact same NYCHRL claim was dismissed with prejudice except to the limited extent it is based on Plaintiff's 2015 and 2016 performance evaluations. U.S. District Court Judge Valerie Caproni declined to exercise supplemental jurisdiction only over that limited basis of Plaintiff's NYCHRL claim for his 2015 and 2016 performance evaluations.

      With the instant motion, Defendants move, pursuant to CPLR §3212, for partial summary judgment to dismiss Plaintiff's complaint except to the limited extent it is based on Plaintiff's 2015 and 2016 performance evaluations on the grounds that it is barred by the doctrine of collateral estoppel and that any cause of action or adverse employment action not pled in the complaint is now time-barred. In opposition, Plaintiff argues that Defendants' motion should be denied because Plaintiff has not had a full and fair opportunity to litigate his NYCHRL disability discrimination claim in state court even though he already litigated this exact same claim in federal court, where most of the claim, as well as all other claims he brought there, were dismissed. Despite certifying that discovery is complete, Plaintiff also belatedly seeks additional discovery months after filing his Note of Issue and over four years after filing the complaint.

## DISCUSSION

To prevail on a motion for summary judgment, the proponent must make a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence demonstrating the absence of any material issue of fact (*see Klein v. City of New York*, 89 NY2d 883 [1996]; *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]). Once the moving party has satisfied these standards, the burden shifts to the opponent to rebut that prima facie showing, by producing contrary evidence in admissible form sufficient to require a trial of material factual issues (*Amatulli v. Delhi Constr. Corp.*, 77 NY2d 525 [1999]).

The doctrine of collateral estoppel precludes a party from re-litigating in a subsequent action or proceeding, an issue clearly raised in a prior action or proceeding and decided against that party, whether or not the tribunals or causes of action are the same (*see Ryan v. N.Y. Tel. Co.*, 62 NY2d 494, 500-01 [1984]). Collateral estoppel allows "the determination of an issue of fact or law raised in a subsequent action by reference to a previous judgment on a different cause of action in which the same issue was necessarily raised and decided" (*id.* at 500). The issue must have been material to the first action and essential to its decision while also being the issue to be determined in the second action (*id.* at 501).

In the instant matter, Defendants have made a prima facie that the requirements for applying collateral estoppel have been met. First, there is a complete identity of issues because Plaintiff pleads the exact same alleged adverse employment actions purportedly in violation of NYCHRL. Second, Plaintiff was afforded a full and fair opportunity to litigate the factual and legal issues decided in his federal case (*see Smith*, 385 F.Supp.3d 323, *supra*). To be sure, the parties exchanged document discovery, conducted depositions, and the case was ultimately dismissed on summary judgment except for the single NYCHRL claim for disability discrimination based on Plaintiff's 2015 and 2016 performance evaluations (*id.* at 343 ("[A]s a matter of law, none of those actions constitutes an adverse employment action . . . [and e]ven if Plaintiff had offered evidence of adverse employment actions, Plaintiff has failed to present evidence that raises an inference of discriminatory intent to almost all of the actions about which he complains."). As in *Peterkin v. Episcopal Social Servs. of N.Y., Inc.*, 24 AD3d 306, 307 (1st Dept 2005), where the federal court granted summary judgment on the federal claims and dismissed the NYSHRL and NYCHRL claims, the state-law causes of action are precluded by collateral estoppel because they "stem from the same alleged conduct that was the subject of the prior federal action." Therefore, Plaintiff's disability and race discrimination claims under Title VII, NYSHRL, and NYCHRL which accrued on or before December 2017 based on all alleged adverse employment actions except for his performance evaluations from 2015 and 2016 are barred by collateral estoppel.

In addition, "The [s]tatute of [l]imitations period for [T]itle VII claims . . . is 180 days, unless the claim is instituted with the State or local agency, and then the limitations period is 300 days" (*Patrowich v. Chem. Bank*, 98 AD2d 318, 324 [1st Dept 1984]). "The ADA has a 300-day [s]tatute of [l]imitations" (*Martinez-Tolentino v. Buffalo State College*, 277 AD2d 899, 899 [4th Dept 2000]). And claims under the NYSHRL and the NYCHRL are subject to a three-year statute of limitations (*Jeudy v. City of N.Y.*, 142 AD3d 821 [1st Dept 2016]).

[* 2]

In his complaint, Plaintiff asserts the most recent adverse employment action as his transfer to the Manhattan "Viper" unit at the end of 2017 (Complaint, Exh. A, at ¶ 48). During Plaintiff's deposition, he further alleged adverse employment actions leading to his termination on July 31, 2020, including additional unit transfers, unavailability of terminal leave, continued inability to receive overtime, denial of a request for accommodation for a training session, and removal of his firearm (Plaintiff's Tr., Exh. C, at pp 24, 38, 43-46, 77, 121-22, 155).

To the extent that Plaintiff seeks to amend his complaint to include claims under Title VII, ADA, NYSHRL, and NYCHRL related to events mentioned in the complaint, or to include alleged adverse employment actions up until his termination, such action, occurring more than three years after the most recent allegation, is time-barred. This conclusion aligns with legal precedent, as demonstrated in *Thomas v. City of New York*, 154 AD3d 417, 418 (1st Dept 2017), *Reyes v. City of New York*, 281 AD2d 235 (1st Dept 2001), and *Malz v. Wohl*, 185 AD2d 839, 840 (2d Dept 1992), where courts denied amendments to complaints due to expiration of the statute of limitations and lack of reasonable excuse for delay.

Considering Plaintiff's termination date, the statute of limitations for any remaining claims related to his employment with the NYPD expired no later than July 31, 2023. Consequently, any attempted amendments to Plaintiff's complaint at this juncture are time-barred.

Notably, even if this court had not found that Plaintiff's NYCHRL claim was barred by collateral estoppel, Plaintiff still fails to offer evidence of discriminatory motive. In *Smith*, Judge Caproni reasoned that even under the low "treated less well" threshold of the NYCHRL, Plaintiff still could not make out a prima facie NYCHRL disability discrimination claim because he "offered no evidence of disability-based discrimination with respect to any of Defendants' actions, other than the evaluations" (*Smith*, F. Supp. 3d at 345, *supra*). Furthermore, as articulated in the federal action, Defendants had non-discriminatory reasons for Plaintiff's transfer, poor evaluations, and numerous command disciplines due to "Plaintiff's severe disciplinary problems, including his unauthorized tour changes, attendance issues, and disruptive behavior" (*Smith*, 385 F. Supp. 3d at 341, *supra*). Indeed, Judge Caproni found Defendants' "actions appropriate . . . [and] explanation . . . consistent with the contemporaneous documentation relating to those actions." (*id*.).

Therefore, to the extremely limited extent that Plaintiff's 2015 and 2016 performance evaluations could have been conducted with discriminatory intent based on Defendant Cosgrove's knowledge of Plaintiff's disability at the time, those claims remain. However, all other actions supporting Plaintiff's NYCHRL claim are dismissed because there is no inference of discrimination, and to the contrary, Defendants have articulated non-discriminatory reasons for the actions.

Plaintiff has failed to rebut Defendants' prima facie showing. Moreover, Plaintiff's argument that Defendants' motion for summary judgment should be denied because he is entitled to additional discovery after the note of issue was filed on August 4, 2023, is without merit.[1] Plaintiff, by placing this matter on the trial calendar, has certified that all discovery is complete

---

[1] Notably, at oral argument on the record before the court on April 30, 2024, Plaintiff's counsel withdrew Plaintiff's request for additional discovery.

**160575/2019  SMITH, CYRESS vs. CITY OF NEW YORK**
**Motion No.  001**

Page 3 of 4

[* 3]

(*see* Note of Issue, NYSCEF Doc No 15, at p 2). "[A] party may not obtain further disclosure after the filing of a note of issue and certificate of readiness absent a factual showing of 'special, unusual or extraordinary circumstances'"; *Grant v. Wainer*, 179 AD2d 364, 364-65 [1st Dept 1992]*; see also IO Experience Design LLC v. C & A Mktg. Inc*., 220 AD3d 444 [1st Dept 2023]). Here, Plaintiff has failed to make a requisite showing that post-note of issue discovery would be appropriate. Accordingly, it is hereby

ORDERED that Defendants' motion for partial summary judgment be granted to the extent that Plaintiff's complaint is dismissed save for the NYCHRL claim based on Plaintiff's 2015 and 2016 performance evaluations; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in Defendants' favor accordingly and to the extent indicated; and it is further

ORDERED that the parties are directed to appear for an in-person settlement conference in Part 5 of the courthouse located at 80 Centre Street, Room 320, on June 4, 2024 at 12:00 PM.

This constitutes the decision and order of the court.

| 4/30/2024 | | | |
|-----------|--|--|--|
| **DATE** | | **HASA A. KINGO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160575/2019   SMITH, CYRESS vs. CITY OF NEW YORK**
**Motion No.  001**

Page 4 of 4

4 of 4