Agosto v Maria (2024 NY Slip Op 05950)

Agosto v Maria

2024 NY Slip Op 05950

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-05184
 (Index No. 516468/17)

[*1]Miguel Agosto, respondent, 
v
Manuel Maria, etc., et al., appellants, et al., defendants.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Deborah A. Brenner and Elizabeth I. Freedman of counsel), for appellants.
Da-Tekena Barango-Tariah, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, the defendants Manuel Maria, Gaetjeans Doxy, and Miguel Figueroa appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated April 19, 2023. The order denied those defendants' motion pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Manuel Maria, Gaetjeans Doxy, and Miguel Figueroa pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against them is granted.
On August 23, 2017, the plaintiff commenced this action pursuant to 42 USC § 1983 against the City of New York and "'JANE AND JOHN DOE' UNKNOWN NYPD OFFICERS" to recover damages for false arrest and unlawful search in violation of the Fourth Amendment of the United States Constitution stemming from an incident that occurred in Brooklyn on September 4, 2014. Issue was joined and the City served combined demands, seeking, inter alia, authorizations permitting the City to examine and copy documents from the criminal action related to the claims alleged in the complaint, to which the plaintiff failed to respond. On November 5, 2018, only after the City moved to dismiss the complaint insofar as asserted against it, and more than one year after commencing this action, the plaintiff served the City with a notice of discovery and inspection, seeking, among other things, a list of the police officers who had been involved in the subject incident.
Thereafter, on March 12, 2019, the plaintiff cross-moved to compel the production of the requested discovery and for leave to amend the complaint to add as defendants the unknown officers by their proper names. In an order dated June 28, 2019, the Supreme Court, inter alia, granted the plaintiff's cross-motion "to the extent that plaintiff has two months to pursue discovery and then name the John and Jane Doe unknown NYPD officers."
Subsequently, on or about August 16, 2019, after learning from the City of the possible involvement of a police officer, Manuel Maria, in the incident, the plaintiff served a supplemental summons and amended complaint naming as defendants Maria and "Jane and John [*2]Doe" unknown NYPD officers. At that same time, the plaintiff moved, among other things, to extend the time to amend the supplemental summons and amended complaint to add as defendants additional unknown police officers by their proper names.
In an order dated December 9, 2020, the Supreme Court granted the plaintiff's motion to the extent of giving him a "two (2) month extension of time to file an amended complaint naming the 'Jane and John Doe' unknown NYPD officers, and to serve the officers." Subsequently, on or about December 23, 2020, having learned back in February 2020 of the possible involvement of a lieutenant, Miguel Figueroa, and a police officer, Gaetjeans Doxy, in the incident, the plaintiff served a second supplemental summons and second amended complaint naming as defendants Maria, Doxy, and Figueroa (hereinafter collectively the defendants), as well as "Jane and John Doe" unknown NYPD officers.
The defendants moved pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against them. The plaintiff opposed the motion. In an order dated April 19, 2023, the Supreme Court denied the motion. The defendants appeal.
CPLR 1024 provides that a "party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly." "Yet, 'parties are not to resort to the "Jane Doe" procedure unless they exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name and, despite such efforts, are unable to do so. Any failure to exercise due diligence to ascertain the "Jane Doe's" name subjects the complaint to dismissal as to that party'" (Wilmington Trust, N.A. v Shasho, 197 AD3d 534, 536, quoting Bumpus v New York City Tr. Auth., 66 AD3d 26, 30-31).
Here, the statute of limitations had expired by the time the defendants were identified in the second amended complaint. Contrary to the plaintiff's contention, the relation-back doctrine does not apply, because the defendants are not united in interest with the City (see Buran v Coupal, 87 NY2d 173, 178; Montalvo v Madjek, Inc., 131 AD3d 678, 680). The City "cannot be held vicariously liable for its employees' violations of 42 USC § 1983, and there is no unity of interest in the absence of a relationship giving rise to such vicarious liability" (Thomas v City of New York, 154 AD3d 417, 418; see Jackson v Police Dept. of City of N.Y., 192 AD2d 641, 642). Additionally, the plaintiff failed to demonstrate that he made diligent efforts to ascertain the defendants' identities prior to the expiration of the statute of limitations or that the City hindered any such efforts (see Holmes v City of New York, 132 AD3d 952, 954; Temple v New York Community Hosp. of Brooklyn, 89 AD3d 926, 928; Bumpus v New York City Tr. Auth., 66 AD3d at 30-31). Contrary to the plaintiff's contentions, the Supreme Court's prior orders allowing the plaintiff to amend the complaint to add the then-unknown defendants by name within a certain time period are not binding on these issues. The doctrine of the law of the case does not bind an appellate court (see Brown-Jodoin v Pirrotti, 138 AD3d 661, 663; Latture v Smith, 304 AD2d 534, 535).
Accordingly, the defendants' motion pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against them should have been granted.
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
CHAMBERS, J.P., MALTESE, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court