Siguencia v City of New York (2025 NY Slip Op 02172)

Siguencia v City of New York

2025 NY Slip Op 02172

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Webber, J.P., Friedman, Kapnick, Rodriguez, Rosado, JJ. 

Index No. 161392/18|Appeal No. 4100|Case No. 2024-05697|

[*1]Franklin Siguencia, Respondent-Appellant,
v
City of New York, et al., Appellants-Respondents.

Cerussi & Spring, White Plains (Jennifer R. Freedman of counsel), for appellants-respondents.
The Weinstein Law Group PLLC, New York (Steven M. Weinstein of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered August 13, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the Labor Law § 240 (1) claim, unanimously affirmed, without costs.
Defendants are correct that the correction sheets submitted by plaintiff with his signed deposition transcripts should not have been considered because he failed to provide any explanation for the changes (CPLR 3116 [a]; see Cataudella v 17 John St. Assoc., LLC, 140 AD3d 508, 508 [1st Dept 2016]) and because they were not accompanied by a translator's affidavit (CPLR 2101 [b]; see Peralta-Santos v 350 W. 49th St. Corp., 139 AD3d 536, 537 [1st Dept 2016]).
Nevertheless, the court properly denied defendants' motion for summary judgment dismissing the Labor Law § 240 (1) claim because defendants failed to establish as a matter of law that plaintiff was recalcitrant or the sole proximate cause of the accident for failing to use an available hoist or pulley to transport a metal plank to a higher location. Even if hoists and pulleys were available on site, and plaintiff was aware of them, defendants did not submit any evidence establishing that plaintiff was instructed to use them (see Gutierrez v 451 Lexington Realty LLC, 156 AD3d 418, 418-419 [1st Dept 2017]). Instead, plaintiff's testimony conflicted as to whether his foreman or a bricklayer, whom his foreman instructed him to assist, told him to bring the plank up a scaffold staircase, which was an inadequate safety device for that work. Plaintiff's testimony regarding the instructions from his foreman and the bricklayer was not inadmissible hearsay because it was not offered for the truth of the matter asserted, but only to show that the statements were made (see DeSario v SL Green Mgt. LLC, 105 AD3d 421, 422 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025